Jessica Greer Griffith
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, New York 10017-3852
Tel: (212) 547-5578
E-mail: Ggriffith@mwe.com

*Attorneys for Defendant*
*UMG Recordings, Inc.*
*(incorrectly sued herein as Uptown Records,*
*MCA Inc., and Universal Music Group)*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LIZA GARDNER,<br><br>                  *Plaintiff*,<br><br>v.<br><br>SEAN COMBS,<br>AARON HALL,<br>UPTOWN RECORDS,<br>MCA INC.,<br>UNIVERSAL MUSIC GROUP,<br>JOHN DOES 1-10 (names being fictitious and used to connote an unidentified person responsible for this occurrence), JANE DOES 1-10 (names being fictitious and used to connote an unidentified person responsible for this occurrence), ABC CORPORATIONS 1-10 (names being fictitious and used to connote unidentified entities responsible for this occurrence),<br><br>                  *Defendants*. | Civil Action No.<br><br>**NOTICE OF REMOVAL** |

**TO:**    Clerk of Court
           United States District Court for the District of New Jersey
           M.L. King, Jr. Federal Building & U.S Courthouse
           50 Walnut Street
           Newark, New Jersey 07102

**WITH NOTICE TO:**

    Clerk of Court
    Superior Court of New Jersey
    Law Division – Bergen County
    Bergen County Justice Center
    10 Main Street
    Hackensack, New Jersey 07601

    Hon. Nicholas Ostuni
    Superior Court of New Jersey
    Bergen County Justice Center
    10 Main Street, Floor 4
    Hackensack, New Jersey 07601

    Tyrone A. Blackburn, Esq.
    T.A. BLACKBURN LAW, PLLC
    1242 East 80th Street, 3rd Floor
    Brooklyn,, NY 11236
    Tel: (347) 342-7432
    *Attorney for Plaintiff Liza Gardner*

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant UMG Recordings, Inc. (incorrectly sued herein as Uptown Records, MCA Inc., and Universal Music Group) (hereinafter "UMGR")[1], expressly reserving all rights otherwise to respond to this lawsuit, hereby files this Notice of Removal of the above-captioned action, which was filed in the New Jersey Superior Court, Law Division, Bergen County, Docket No. BER-L-003365-24, to the United States District Court for the District of New Jersey.  This case is removable because there is complete diversity of citizenship between the parties and more than $75,000 is in controversy, exclusive of interest and costs.

    1.  Pursuant to Rule 10.1(a) of the Local Civil and Criminal Rules of the United States District Court for the District of New Jersey, the addresses of the named parties are as follows:

---

[1] The Complaint collectively refers to these incorrectly sued herein defendants as the "Institutional Defendants".

- Plaintiff Liza Gardner ("Plaintiff" or "Gardner") alleges in her Complaint filed in the Superior Court of New Jersey, Law Division, Bergen County ("Complaint" or "Compl.") that she is a resident of and domiciled in the State of North Carolina. Plaintiff is represented by Tyrone A. Blackburn of T.A. Blackburn Law, PLLC, located at 1242 East 80th Street, 3rd Floor, Brooklyn, NY 11236.

- Defendant Sean Combs ("Combs"), is alleged in the Complaint, to reside at 200 South Mapleton Drive, Beverly Hills, California 90024.  Upon information and belief, Defendant Combs is domiciled in Florida.  Defendant Combs is represented by Erica A. Wolff of Sher Tremonte LLP, located at 90 Broad Street, 23rd Floor New York, NY 10004.

- Defendant Aaron Hall ("Hall"), is alleged in the Complaint, to reside at 3649 Mount Vernon Drive, View Park, CA 90008.  Upon information and belief, Defendant Hall is domiciled in California.

- Defendant sued herein as Uptown Records is alleged to be a "subsidiary of" Defendant sued herein as "MCA Inc.", which in turn is alleged to be a "subsidiary of" Defendant "Universal Music Group." (Compl. ¶ 4).   "Uptown Records," "MCA Inc.", and "Universal Music Group" are not current legal entities incorporated or domiciled in any state.  Without conceding liability or obligation to do so, UMGR has accepted service on behalf of the entities described in the Complaint as "Uptown Records," "MCA Inc.," and "Universal Music Group."  UMGR is a corporation incorporated under the laws of the state of Delaware and has its principal place of business at 2220 Colorado Avenue, Santa Monica, California 90404.  UMGR is represented by the undersigned attorneys at McDermott Will & Emery LLP, located at One Vanderbilt, New York, NY 10017.

A. **Nature of the Action**

2. On June 6, 2024, Gardner commenced this action against Combs, Hall, UMGR, John Does 1-10, Jane Does 1-10, and ABC Corporations 1-10 (collectively, the "Defendants"), by filing a Complaint in the New Jersey Superior Court, Law Division, Bergen County, captioned *Gardner v. Combs, et al.*, Docket No. BER-L-003365-24,  asserting claims for:  (1) Battery (against Hall and Combs); (2) Assault/Sexual Assault (against Hall and Combs); (3) Negligent Infliction of Emotional Distress (against all Defendants); (4) Negligence (Premises Liability for the Sexual Assault) (against Hall and UMGR); (5) Vicarious Liability (against UMGR); (6) Violation of the New Jersey Child Sexual Abuse Act, N.J. Stat. § 2A:61B-1 (against UMGR); (7) Negligent Hiring,

Training, Accreditation, and Supervision (against UMGR); and (8) Failure to Detect, Investigate, and Report Sexual Abuse (against UMGR, MATT DOES, and STAN DOES).  (*See* Exhibit A, Complaint, Summons, and Case Information Statement.)

3. On June 7, 2024, a Track Assignment Notice was filed on the docket.  (*See* Exhibit B, Track Assignment Notice.)

4. On June 11, 2024, Plaintiff filed general correspondence on the docket ("General Correspondence") informing the Court, in relevant part, that a "case had been filed against Sean Combs and Aaron Hall in the New York State Supreme Court for New York County.  LIZA GARDNER V. SEAN COMBS er al., Case Number: 952368/2023" and that the "Honorable Richard G. Latin, J.S.C., granted the Plaintiff's discontinuance request and dismissed the case without prejudice."  (*See* Exhibit C, General Correspondence and Exhibits.)

5. On June 13, 2024, counsel for UMGR accepted service of the Complaint by email on behalf of UMGR.  As part of the same, Plaintiff and UMGR agreed that UMGR's date to answer or otherwise respond to the Complaint would be 60 days from service, *i.e.* August 12, 2024.

6. Upon information and belief, on or about July 11, 2024, Defendant Combs accepted service of the Complaint.  Defendant Combs consents and joins in the removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(A) and plans to file his written consent with the Court.

7. Upon information and belief, Defendant Hall has not been served with the Complaint or accepted service of the Complaint.

8. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332.  Specifically, this Court has jurisdiction over this action because Plaintiff and

Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**B. Diversity of Citizenship is Satisfied**

9. Complete diversity exists between the parties in this action, as required by 28 U.S.C. § 1332(a). Diversity of citizenship is assessed at the time an action is filed. *See Freeport-McMoRan, Inc. v. K. N Energy, Inc.*, 498 U.S. 426, 428 (1991).

10. For diversity purposes, a natural person is deemed to be a citizen of the state where he or she is domiciled. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

11. For diversity purposes, a corporation is a citizen both of the State where it is incorporated and of the state where it has its principal place of business. *Id.* at 420; 28 U.S.C. § 1332(c)(1).

12. As alleged in the Complaint, at the time the Complaint was filed, Gardner was an individual who resided and was domiciled in the State of North Carolina. (*See* Exhibit A, Compl. ¶ 6.) She is thus a domiciliary and citizen of North Carolina.

13. At the time the Complaint was filed, Defendant UMGR was and remains incorporated under the laws of the State of Delaware with its principal place of business in the State of California. UMGR is thus a citizen of Delaware and California.[2]

14. As alleged in the Complaint, at the time the Complaint was filed, Combs was an individual who resided in the State of California. (*See* Exhibit A, Compl. ¶ 7.) Upon information and belief, Combs is presently domiciled in Florida.

---

[2] UMGR was incorrectly sued herein as Uptown Records, MCA Inc., and Universal Music Group. As set forth herein, Uptown Records, MCA Inc., and Universal Music Group did not exist as legal entities at the time the Complaint was filed.

15. Moreover, while only those parties who have been served need join in the notice of removal, *see* 28 U.S.C. § 1446(b)(2)(A), *Lewis v. Rego Co.*, 757 F.3d 66, 68 (3d Cir. 1985) (where some defendants have not yet been served "the removal petition will be effective provided that it alleges that the defendants who did not join in it were not served in the state proceeding"), here, upon information and belief, complete diversity will continue to exist even if all named defendants are properly served.

16. As alleged in the Complaint, at the time the Complaint was filed, Hall was an individual who resided in the State of California. (*See* Exhibit A, Compl. ¶ 8.) Upon information and belief, Hall is presently domiciled in California.

17. As such, Plaintiff is a citizen of North Carolina, while Defendants are citizens of California, Florida, and Delaware.[3] Accordingly, there is complete diversity pursuant to 28 U.S.C. § 1332(a).

18. Removal to this judicial district is proper under 28 U.S.C. § 1446(a) because the United States District Court for the District of New Jersey, Newark Vicinage embraces Bergen County, New Jersey, where the action is pending. *See* 28 U.S.C. § 110; L. Civ. R. 40.1(a).

**C.  The Amount in Controversy Requirement is Satisfied**

19. The amount-in-controversy requirement of 28 U.S.C. § 1332 is also satisfied.

20. Pursuant to 28 U.S.C. § 1332(a), in a case where federal jurisdiction is based on

---

[3] The Complaint also names as defendants: "JOHN DOES 1-10 (names being fictitious and used to connote an unidentified person responsible for this occurrence), JANE DOES 1-10 (names being fictitious and used to connote an unidentified person responsible for this occurrence), ABC CORPORATIONS 1-10 (names being fictitious and used to connote unidentified entities responsible for this occurrence)." However, the Court need not consider such "unknown or nominal" parties for purposes of evaluating removal. *See Granovsky v. Pfizer, Inc.*, 631 F.Supp.2d 554, 559 (D.N.J. July 7, 2009) (recognizing that the rule requiring unanimity among defendants prior to removal "may be disregarded where . . . a non-joining defendant is an unknown or nominal party").

diversity of citizenship, the amount in controversy must exceed $75,000, exclusive of costs and interest.

21. Under 28 U.S.C. § 1446(c)(2)(B), removal is appropriate where the amount in controversy exceeds $75,000. *Id.* Unless challenged, any "plausible allegation that the amount in controversy exceeds the jurisdictional threshold" is sufficient. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-89 (2014) (holding "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and "should be accepted when not contested by the plaintiff or questioned by the court"). Even when challenged, a defendant need only demonstrate by a preponderance of the evidence that the amount-in-controversy threshold is met. *Id.*; *see also* 28 U.S.C. § 1446(c)(2)(B).

22. Moreover, whereas here state law does not permit the Plaintiff to request a certain amount of damages in the Complaint (*see* N.J. Ct. R. 4:5-2), a defendant "may assert the amount in controversy" in a notice of removal. 28 U.S.C. § 1446(c)(2)(A) ("the notice of removal may assert the amount in controversy if the initial pleading seeks . . . (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded…"). The amount-in-controversy asserted is "not measured by the low-end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993). Here, while Plaintiff's Complaint does not allege a specific monetary damage amount consistent with applicable state law, a "reasonable reading of the value of the rights being litigated" strongly supports a finding that the amount-in-controversy exceeds $75,000. Notably, Plaintiff seeks "monetary and/or economic damages" and "non-monetary and/or compensatory damages, including, but not limited to, compensation for her mental anguish, humiliation, embarrassment, stress and anxiety,

emotional pain and suffering, and emotional distress" in connection with allegations of violent sexual assaults that, according to the Complaint, have caused her decades of mental and physical anguish. (Ex. A, Compl., Prayer for Relief.) Moreover, Plaintiff has asserted these claims against world-famous recording artists and what she describes as "Institutional Defendants", which only further underscores the likelihood that the damages sought in this matter will exceed the $75,000 threshold.[4]

23. Accordingly, the $75,000 amount in controversy requirement has been satisfied.

**D. The Procedural Requirements for Removal are Satisfied**

24. Pursuant to 28 U.S.C. § 1446(a), the Complaint, Summons, Case Information Statement, Track Assignment Notice, and General Correspondence represent all process, pleadings, and orders served upon UMGR in the New Jersey state court action to date. (*See* Exhibits A-C.)

25. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(2)(B) because it was filed within 30 days after UMGR accepted service of the Complaint on June 13, 2024.

26. As of the date this Notice of Removal is being filed, upon information and belief, Defendant Hall has not been served with the Complaint or accepted service of the Complaint. Defendant Hall is unable to consent to removal until he has been served with the Complaint or accepted service of the Complaint.

27. Concurrent with the filing of this Notice of Removal, UMGR filed a Notice of Filing

---

[4] It is noted that UMGR of course does not in any way concede liability, let alone liability in excess of $75,000. Whether Plaintiff is entitled to recover is irrelevant to the removal analysis which focuses exclusively on the amount in controversy, which will ultimately be resolved through merits litigation.

of Notice of Removal upon the Clerk of the New Jersey Superior Court, Law Division, Bergen County, pursuant to 28 U.S.C. § 1446(d), where Plaintiff commenced this action.

28. Also concurrent with the filing of this Notice of Removal, UMGR provided written notice to Plaintiff's counsel, Tyrone A. Blackburn, of T.A. BLACKBURN LAW, PLLC, with the Notice of Removal and Notice of Filing of Notice of Removal.

29. This Notice of Removal is being filed in the United States District Court for the district and division in which the state court action is pending, as required by 28 U.S.C. §§ 1441(a) and 1441(6).

30. No prior application for removal has been made herein.

E. **Non-Waiver of Defenses**

31. By removing this action from New Jersey Superior Court, Law Division, Bergen County, UMGR does not waive any defenses available to it.  UMGR also reserves the right to amend or supplement this Notice of Removal.

32. By removing this action from New Jersey Superior Court, Law Division, Bergen County, UMGR does not admit any of the allegations in Plaintiff's Complaint.

WHEREFORE, UMGR, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully removes this action, which is currently pending in the New Jersey Superior Court, Law Division, Bergen County, to the United States District Court for the District of New Jersey and requests that the matter proceed in this Court as an action properly removed thereto.

Dated:  July 12, 2024                                                      Respectfully submitted,

                                                                             */s/ J. Greer Griffith*
                                                                             J. Greer Griffith (N.J. Bar No. 126432014)
                                                                             MCDERMOTT WILL & EMERY LLP

One Vanderbilt Avenue
New York, New York 10017-3852
Tel: (212) 547-5578
Ggriffith@mwe.com
*Attorneys for Defendant*
*UMG Recordings, Inc.*
*(incorrectly sued herein as Uptown Records,*
*MCA Inc., and Universal Music Group)*

## LOCAL CIVIL RULE 11.2 VERIFICATION

Other than this action, which was initially filed in the Supreme Court of the State of New York, New York County, *Liza Gardner v. Sean Combs, et al.*, No. 952368/2023, subsequently discontinued without prejudice to be brought in New Jersey (NYSCEF Doc. No. 39), *see* Exhibit C, and then filed in the Superior Court of New Jersey, Law Division, Bergen County, Docket No. BER-L-003365-24, which is the subject of this Notice of Removal, the matter in controversy, to the best knowledge, information, and belief of the Attorneys for Defendant UMG Recordings, Inc. (incorrectly sued herein as Uptown Records, MCA Inc., and Universal Music Group), is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.

Dated:  July 12, 2024                                                            */s/ J. Greer Griffith*
                                                                                              J. Greer Griffith