# SHER TREMONTE LLP

September 3, 2024

**BY ECF**

The Honorable Leo M. Gordon
United States Court of International Trade
One Federal Plaza
New York, NY 10278

      Re:    *Gardner v. Combs et al.*, Docket No. 24-cv-07729

Dear Judge Gordon:

      We write jointly on behalf of our client, Sean Combs, a named defendant in the above-referenced case (the "Case") and co-defendant UMG Recordings, Inc. (incorrectly sued herein as Defendants Uptown Records, MCA Inc. and Universal Music Group) ("UMGR" and together with Mr. Combs, "Defendants") to respectfully request an amended scheduling order in light of developments since the Court's last scheduling order (ECF No. 35). By way of background, we note the following:

      During a video court conference on July 30, 2024, Plaintiff's counsel, Tyrone Blackburn, represented that he intended, within 30 days of the July 12, 2024 removal (the "Removal Date"), to move for remand on the grounds that the court lacked subject matter jurisdiction because Mr. Blackburn represented that (unserved) Defendant Aaron Hall now lives in North Carolina, the same state of domicile as Plaintiff, and as such the Defendants would no longer be able to establish diversity of citizenship if and when Hall was served.

      Following that video court conference, the Court ordered Defendants to respond to the operative complaint by September 25, 2024, or 30 days after the resolution of Plaintiff's anticipated remand motion, whichever was later. (ECF. No. 35). Thirty days after the Removal Date fell on August 12, 2024. Mr. Blackburn did not file a motion for remand by that date (and has still not done so).

      Accordingly, on August 16, 2024, counsel for UMGR asked Mr. Blackburn whether he still intended to move for remand and if so, when he intended to do so and whether he would share with counsel for UMGR and Mr. Combs, any evidence he had reflecting that Mr. Hall resided in North Carolina at the time the Case was filed (so that counsel could evaluate whether motion practice was necessary). *See* Ex. A.

      In response, Mr. Blackburn did not provide any evidence that Mr. Hall resided in North Carolina at the time of removal. *See id*. Instead, by email dated August 18, 2024,

Hon. Leo M. Gordon
September 3, 2024
Page 2 of 3

he stated without support or further explanation that: Mr. Hall "currently resides with family in Pittsburgh, North Carolina" and that "[a]dditionally," Ms. Gardner would amend her pleading to add a new defendant, Donald Earle DeGrate, Jr., who has not appeared in any of the three prior iterations of the Complaint but who (according to Mr. Blackburn) allegedly observed certain of the events described in the Complaint and now lives in Charlotte, North Carolina. Mr. Blackburn further represented that based on these contentions and his intent to amend the pleading to add a purportedly non-diverse defendant, he expected to file by Thursday, August 22, 2024, a "simple motion letter requesting remand." *Id.*

On August 20, 2024, counsel for UMGR responded to Mr. Blackburn on behalf of UMGR and Mr. Combs, asking Mr. Blackburn to respond with: (1) any evidence that unserved Defendant Aaron Hall lived in North Carolina at the time this Case was filed (which contention, was noted, was inconsistent with Defendants' counsel's understanding); and (2) any evidence that *potential* defendant Mr. DeGrate, Jr. lived in North Carolina at the time this Case was filed. Counsel for UMGR further noted that Mr. DeGrate, Jr. appeared to be a dispensable party whose joinder for purposes of destroying diversity would be impermissible. *Id.*; *see Avenatti v. Fox News Network LLC, et al.*, 41 F.4th 125 (3d Cir. 2022). Counsel for UMGR also asked Mr. Blackburn to advise as to when he expected to file Plaintiff's anticipated amended complaint, serve Mr. Hall and Mr. DeGrate, Jr., and file his anticipated motion for remand. Ex. A.

To date, Mr. Blackburn has not responded to any of those questions, has not filed an amended complaint, and has not filed a motion for remand (which motion he initially represented he would file by August 12, 2024, and later represented he would file by August 22, 2024). Under the operative scheduling order, UMGR and Mr. Combs' deadline to respond to the operative pleading remains unclear insofar as it is (appropriately) contingent upon the date of Plaintiff's anticipated motion for remand. (*See* ECF. No. 35). Although a motion for remand based on lack of subject matter jurisdiction may be brought at any time, *see* 28 U.S.C. § 1447 (providing that a motion for remand must be made within 30 days of removal, except that a motion for remand based on lack of subject matter jurisdiction may be made at any time), counsel should not delay in challenging subject matter jurisdiction if he or she is actually in possession of evidence that would destroy diversity. *See, e.g.*, *Itel Containers Int'l Corp. v. Puerto Rico Marine Mgmt., Inc.*, 108 F.R.D. 96, 103 (D.N.J. 1985). Counsel for Defendants is not aware of any such evidence in this matter or any other basis for remand of this Case. Nor has Plaintiff's counsel proffered any despite repeating his intent to move for remand. Accordingly, to ensure the orderly and efficient administration of this Case, we respectfully request that the Court sets a deadline by which Plaintiff's counsel must either move for remand based on presently accessible evidence or confirm he has no intent to do so. *See, e.g., Kaetz v. United States*, Civ. No. 19-8100 (CCC), 2019 WL 4894569, at *1 (D.N.J. Oct. 4, 2019) (issuing "order concerning the schedule for responsive pleadings and potential applications for default . . . under its inherent power to manage - [the Court's] docket").

Hon. Leo M. Gordon
September 3, 2024
Page 3 of 3

In light of the foregoing, we also request that Defendants' deadline to respond to the operative pleading be adjourned to 30 days after Plaintiff confirms she has no intent to file for remand, or in the event she files a motion for remand based on presently accessible evidence, then 30 days after resolution of that motion.

                                                Respectfully,

                                          */s/ Yonatan Y. Jacobs*
                                        Yonatan Y. Jacobs  (NJ Bar No.: 022512010)
                                        Erica A. Wolff (appearing *pro hac vice*)
                                        Michael Tremonte (appearing *pro hac vice*)

Enclosure/Attachment

cc:      All counsel of Record via ECF