MCDERMOTT WILL & EMERY LLP
Jessica Greer Griffith
(New Jersey Bar No. 126432014)
Edward B. Diskant (*pro hac vice*)
Lisa A. Linsky (*pro hac vice*)
Max J. Kellogg (*pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Tel: (212) 547-5578
GGriffith@mwe.com
EDiskant@mwe.com
LLinsky@mwe.com
MKellogg@mwe.com

Elizabeth A. Rodd (*pro hac vice*)
200 Clarendon Street
Boston, MA 02116
Tel: (617) 535-4040
Erodd@mwe.com

*Attorneys for Defendants UMG Recordings, Inc. and Universal Music Group, N.V.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LIZA GARDNER,<br><br>        *Plaintiff*,<br><br>v.<br><br>SEAN COMBS,<br>AARON HALL,<br>DONALD EARLE DEGRATE J., AKA DEVANTE SWING, UMG RECORDINGS, INC., UNIVERSAL MUSIC GROUP, N.V.,<br>JOHN DOES 1-10 (names being fictitious and used to connote an unidentified person responsible for this occurrence), JANE DOES 1-10 (names being fictitious and used to connote an unidentified person responsible for this occurrence), ABC CORPORATIONS 1-10 (names being fictitious and used to connote unidentified entities responsible for this occurrence),<br><br>        *Defendants*. | Civil Action No. 24-cv-07729<br><br>**Oral Argument Requested** |

**DEFENDANTS UMG RECORDINGS INC. AND UNIVERSAL MUSIC GROUP, N.V'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS COUNTS III—X OF THE AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)**

# **TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| PRELIMINARY STATEMENT | | 1 |
| ARGUMENT | | 2 |
| I. | UMG DEFENDANTS SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2) | 2 |
|  | A. There Is No General Jurisdiction Over the UMG Defendants | 3 |
|  | B. There Is No Specific Jurisdiction Over UMGR or UMGNV | 3 |
| II. | PLAINTIFF'S COMPLAINT AGAINST THE UMG DEFENDANTS SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(6) | 6 |
|  | A. The Court Cannot Consider Factual Allegations Raised For The First Time In Plaintiff's Opposition | 6 |
|  | B. Plaintiff's Negligence Claims Fail to State a Claim | 7 |
|  | C. Plaintiff Fails to State a Claim for IIED | 8 |
|  | D. Plaintiff Fails to State a Claim for Vicarious Liability | 9 |
|  | E. Plaintiff Fails to State a Claim for Violation of the New Jersey Child Sexual Abuse Act | 10 |
|  | F. Plaintiff Fails to State a Claim for Mann Act Violations | 10 |
| III. | DISMISSAL SHOULD BE WITH PREJUDICE | 11 |
| CONCLUSION | | 12 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997) ...................................................................................................11

*Ceramica Falcinelli, S.P.A. v. Am. Marazzi Tile, Inc.*,
  No. CIV. A. 99-1223, 1999 WL 795479 (D.N.J. Sept. 29, 1999) ..............................................5

*Cohen v. Kurtzman*,
  45 F. Supp. 2d 423 (D.N.J. 1999) ..............................................................................................5

*D.T. v. Hunterdon Med. Ctr.*,
  No. A-2441-10T2, 2012 WL 4448774
  (N.J. Super. Ct. App. Div. Sept. 27, 2012) ................................................................................9

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ...................................................................................................................3

*Doe ex rel. Doe v. Small*,
  654 F. Supp. 3d 376 (D.N.J. 2023) .........................................................................................7, 8

*Granum v. Williams*,
  No. 21-CV-20230, 2022 WL 2974755 (D.N.J. July 22, 2022) ..................................................3

*Hanh v. New Jersey*,
  No. 11-1874-ES-SCM, 2013 WL 1951990 (D.N.J. May 8, 2013) ..........................................12

*Hardwicke v. Am. Boychoir Sch.*,
  188 N.J. 69 (2006) ................................................................................................................9, 10

*IDT Domestic Telecom, Inc. v. Dollar Phone Corp.*,
  No. CV210745, 2022 WL 1058381 (D.N.J. Apr. 7, 2022) ........................................................2

*M.C. v. Harnad*,
  No. 21-19819, 2024 WL 3219494 (D.N.J. June 27, 2024) ........................................................8

*Moretz v. Trustees of Princeton*,
  No. 21-19822, 2023 WL 9017155 (D.N.J. Dec. 29, 2023) ........................................................8

*Mullin v. Balick*i,
  875 F.3d 140 (3d Cir. 2017) .....................................................................................................11

*O'Neal v. Middletown Twp.*,
  No. 3:18-cv-5269-BRM-LHG, 2019 WL 77066 (D.N.J. Jan. 2, 2019) ......................................4

*Patterson ex rel. Patterson v. F.B.I.*,
   893 F.2d 595 (3d Cir. 1990)...................................................................................................2

*Rivers v. Roadway Exp., Inc.*,
   511 U.S. 298 (1994).............................................................................................................11

*Simpkins v. S. Orange-Maplewood Sch. Dist.*,
   No. A-2181-21, 2024 WL 4440613 (N.J. Super. Ct. App. Div. Oct. 8, 2024).....................10

*U.F.C.W. Loc. 56 Health & Welfare Fund v. J.D.'s Mkt.*,
   240 F.R.D. 149 (D.N.J. 2007).............................................................................................12

*United States v. Burrowes*,
   No. 04-cr-800 (S.D.N.Y. Oct. 26, 2005)...............................................................................4

*W.H. v. R.C.*,
   No. CV 19-13538, 2020 WL 1041390 (D.N.J. Mar. 4, 2020).............................................11

*Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*,
   836 F.2d 173 (3d Cir. 1988)..................................................................................................7

**Statutes**

42 U.S.C. § 1981....................................................................................................................11

18 U.S.C. Section 2421 (the Mann Act) .........................................................................10, 11

New Jersey Child Sexual Abuse Act ......................................................................................10

**Other Authorities**

Fed. R. Civ. P. 12(b)(2)........................................................................................................2, 12

Fed. R. Civ. P. 12(b)(6)........................................................................................................7, 12

Local Civil Rule 7.1(f).............................................................................................................12

Local Civil Rule 7.2(d).............................................................................................................1

## PRELIMINARY STATEMENT

Plaintiff's Memorandum of Law in Opposition to UMGR[1] and UMGNV's motion to dismiss (the "Motion")[2], dated February 11, 2025 (ECF No. 63) (the "Opposition" or "Opp.") – while long on inflammatory rhetoric and reference to facts not properly before the Court – does little to address the core failings of the Complaint and, in particular, the absence of factual allegations sufficient to plausibly state a claim for relief as to either UMGR or UMGNV (collectively, the "UMG Defendants"). Notably, Plaintiff's Opposition fails to cite any case law that contradicts the legal arguments set forth in the Motion, and, in fact, confirms that every claim against the UMG Defendants should be dismissed with prejudice.

*First*, Plaintiff has not provided any "actual proofs" to support the exercise of general or specific jurisdiction over the UMG Defendants. Even if the Court were to credit the new "factual" allegations set forth in Plaintiff's Opposition and the accompanying affidavits, they still fail to support the exercise of general or specific jurisdiction over the UMG Defendants.

*Second*, Plaintiff's Complaint fails to state a claim upon which relief may be granted for any of the eight causes of action against the UMG Defendants. The Opposition fails to cure the deficiencies identified and wholly ignores nearly all of the UMG Defendants' legal arguments. Instead of addressing and rebutting those arguments, Plaintiff simply introduces newly alleged "facts." It is well-settled that the deficiencies in Plaintiff's Complaint cannot be cured by belatedly proffering facts in an opposition brief that are not previously pled in the Complaint, which is itself already the *fourth* iteration of her claims. Moreover, even if these "facts" and belated allegations

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in UMGR and UMGNV's December 17, 2024, Memorandum of Law in Support of its Motion. *See* ECF No. 52 ("Br.").
[2] Plaintiff's Opposition uses 12-point font. Pursuant to Local Civil Rule 7.2(d), Plaintiff's Opposition was limited to 30 pages—or 60 at most given that Plaintiff submitted her Opposition as a consolidated response. Plaintiff's 88-page Opposition—which is drafted using 1.5 spacing instead of double-spacing—is overlength and in no way complies with Local Civil Rule 7.2(d).

were properly pled and accepted as true, Plaintiff has not (and cannot) overcome the uncontroverted law that employers are not liable for sexual assaults committed by their employees[3] because such conduct is obviously outside the scope of any employment duties. Indeed, aside from conclusory assertions, Plaintiff does nothing to allege actual *facts* from which the Court can plausibly infer a basis to impute liability to the UMG Defendants for the asserted conduct of Combs and Hall at a private residence during non-work hours.

***Third***, Plaintiff's request for leave to amend should be denied as futile. Plaintiff has already had three prior opportunities to amend her complaint, and even the new allegations improperly couched in Plaintiff's Opposition fail to cure the Complaint's deficiencies.

## ARGUMENT

### I. UMG DEFENDANTS SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)

Neither the Opposition nor its nearly one-thousand pages of exhibits provide any "actual proofs" or evidence to support the exercise of general or specific jurisdiction over the UMG Defendants.[4] *See Patterson ex rel. Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990) (holding that, in responding to a 12(b)(2) motion to dismiss, a plaintiff must respond with "***actual proofs, not mere allegations***") (internal citations omitted) (emphasis added). For the reasons contained in UMG Defendants' Motion and below, the Motion should be granted for lack of jurisdiction.

---

[3] As noted in the Motion, although Plaintiff has failed to adequately plead an employer-employee relationship (and there was none here), the UMG Defendants merely assume, as they must for purposes of this Motion, that the allegation regarding Combs' and Halls' status will be taken by the Court as true.

[4] Because Plaintiff has not presented factual allegations that suggest "with reasonable particularity the possible existence of the requisite contacts between" the UMG Defendants and the forum state, Plaintiff should not be granted jurisdictional discovery. *See IDT Domestic Telecom, Inc. v. Dollar Phone Corp.*, No. CV210745, 2022 WL 1058381, at *6 (D.N.J. Apr. 7, 2022) ("A plaintiff may not undertake a fishing expedition based upon the guise of jurisdictional discovery.") (internal citations omitted).

### A. There Is No General Jurisdiction Over the UMG Defendants

Plaintiff offers no facts to support a theory of general jurisdiction, other than to make conclusory assertions of "presence and activities in New Jersey." (Opp. at 11-13.) From there, Plaintiff simply states that UMGR has "substantial, continuous, and systematic contacts" with New Jersey to be rendered "at home" under the Supreme Court's precedent *Daimler AG v. Bauman*, 571 U.S. 117 (2014). But Plaintiff ignores the essential holding of *Daimler* that general jurisdiction for a corporation is limited to the state of its incorporation or its principal place of business. 571 U.S. at 137-40; Br. at 8, 10-11. To find otherwise, "and approve the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business . . . is unacceptably grasping." 571 U.S. at 138.

There is no dispute that New Jersey is *not* UMGR's state of incorporation or principal place of business. (Br. at 11.) Although UMGR is registered as a foreign business in New Jersey, that fact alone is insufficient to establish general jurisdiction (*see* Br. 10-11), an argument Plaintiff conspicuously ignores. And notably, the Opposition does not even *attempt* to make an argument that UMGNV, the Netherlands-based indirect parent company of UMGR, had "substantial, continuous, and systematic contacts" with New Jersey (it does not). Accordingly, there is no general jurisdiction as to the UMG Defendants.

### B. There Is No Specific Jurisdiction Over UMGR or UMGNV

Nor does the Opposition establish *specific* personal jurisdiction over the UMG Defendants "with reasonable particularity." *See Granum v. Williams*, No. 21-CV-20230, 2022 WL 2974755, at *2 (D.N.J. July 22, 2022). Plaintiff fails to meaningfully address most of the UMG Defendants' jurisdictional arguments or supporting case law, including the arguments that: (i) nearly all assertions in the Complaint of UMGR's alleged conduct in New Jersey are inappropriately made "upon information and belief"; (ii) Plaintiff's claims do not meaningfully "arise out of or relate

3

to" any plausibly alleged New Jersey activities by the UMG Defendants; (ii) Plaintiff's three earlier pleadings expressly contradict the Complaint as to the location of the alleged sexual assault (even pleading a specific New York City address in one iteration); and (iv) exercising jurisdiction here would not comport with "fair play and substantial justice", particularly in light of Plaintiff's transparent forum shopping to avoid her clearly time-barred claims under New York law. (Br. at 11-16); *see O'Neal v. Middletown Twp.*, No. 3:18-cv-5269-BRM-LHG, 2019 WL 77066, at *3 (D.N.J. Jan. 2, 2019) ("Plaintiffs fail to present any substantive argument in opposition to Defendants' argument, and therefore, have conceded the point."). Instead, Plaintiff's Opposition doubles down on the Complaint's inadequate pleadings, asserts new (unsupported) "contacts" and "significant activities" and leaps to legal conclusions without any actual factual support.

In short, Plaintiff alleges the following contacts to support specific jurisdiction: (i) "UMG Defendants financially supported [unspecified] events" in New Jersey; (ii) UMG "Defendants subsidized living arrangements for their employees, including Aaron Hall and Sean Combs, [in New Jersey] facilitating their ability to transport Plaintiff across state lines"; and (iii) UMG "Defendants exercised control over employees who operated within New Jersey." (Opp. at 8-11.) These alleged contacts reinforce the same fatal jurisdictional flaws of the Complaint itself—they are conclusory, attenuated, and do not provide "a strong 'relationship among the defendant, the forum, and the litigation.'" (*See* Br. at 13.)

The only alleged "proof" Plaintiff provides in her Opposition are the affidavits submitted by non-parties Monica Case and Kirk Burrowes—a convicted felon[5] who has filed numerous

---

[5] *See* Judgment in a Criminal Case, *United States v. Burrowes*, No. 04-cr-800, (S.D.N.Y. Oct. 26, 2005), ECF No. 34.

lawsuits against Combs, including one filed by Plaintiff's counsel as recently as March 5, 2025.[6] These affidavits are woefully deficient to be considered evidence of jurisdiction. First, Monica Case, in her affidavit (the "Case Affidavit"), states that she was at the location of the alleged assault; however, Ms. Case does not establish that this location was in New Jersey. Specifically, regarding the location of Mr. Hall's apartment (where the alleged assault occurred), Ms. Case merely states that she "remember[ed] being able to see New York City from the balcony." (Case Aff. at ¶11.) Notably, Ms. Case does *not* allege that she was standing on a balcony *in New Jersey*, a critical omission given that "New York City" can be seen from buildings in all five boroughs, including Manhattan, as easily as it can be seen from New Jersey. In fact, the only reference to New Jersey in the Case Affidavit is that a "house that [members of the group Jodeci] were renting," and where she and Plaintiff purportedly were staying—not the site of the alleged assault—was located there. (*Id.* at ¶ 7.) The Case Affidavit fails to definitively establish that Mr. Hall lived in New Jersey, that the assault happened in New Jersey, or that she (or Plaintiff) was in New Jersey at the time of the alleged assault.

Kirk Burrowes' Affidavit (the "Burrowes Affidavit") fares no better. While Mr. Burrowes discusses his co-founding of Bad Boy Records and claims that he had some working relationship with Combs and UMGR (*see* Burrowes Aff. at ¶2), Burrowes completely fails to attest to any personal knowledge of the actual facts of *this* case, including the alleged assault. To the contrary, the Burrowes Affidavit is rife with improper speculation, supposition and innuendo,[7] and is more

---

[6] *See* Complaint, *Burrowes v. Combs,* Index No. 152856/2025 (N.Y. Sup. Ct. Feb. 28, 2025), NYSCEF No. 1.

[7] Indeed, the entirety of the Burrowes Affidavit is based on conclusory statements and upon his belief, which should be ignored by the Court. *See Ceramica Falcinelli, S.P.A. v. Am. Marazzi Tile, Inc.*, No. CIV. A. 99-1223, 1999 WL 795479, at *1 (D.N.J. Sept. 29, 1999) ("The Court will ignore the conclusions and beliefs and will consider only the assertions based on personal knowledge."); *Cohen v. Kurtzman*, 45 F. Supp. 2d 423, 432 (D.N.J. 1999) (Statements which constitute the

noteworthy insofar as it ***does not*** confirm that (i) he had any relationship with Hall; (ii) either Hall or Combs was purportedly provided with ***any*** housing by UMGR, much less an address for same; (iii) either Hall or Combs even lived in New Jersey at the time of the Complaint's allegations[8]; (iv) he attended any party where Combs and Hall were present, much less the alleged MCA event where Plaintiff allegedly met them; (v) he has any knowledge of UMGR ever providing Plaintiff any transportation to New Jersey; or (vi) he has ever even met Plaintiff. The only remotely relevant (yet conclusory) statement that Mr. Burrowes makes is that, at some unspecified time, "Andre Harrell and Uptown Records/MCA Records executives provided housing and transportation for their urban artists like . . . Aaron Hall (New Jersey housing)." (Burrowes Aff. at ¶18.) Even crediting that allegation, it is woefully insufficient to establish that particular events alleged in the Complaint occurred in a particular New Jersey apartment that had any relationship to UMGR.

With nothing more, Plaintiff has failed to demonstrate general or specific jurisdiction and UMG's Motion for lack of personal jurisdiction should be granted.

## II. PLAINTIFF'S COMPLAINT AGAINST THE UMG DEFENDANTS SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(6)

As set forth in the Motion, the Complaint fails to state a claim upon which relief may be granted because, even assuming the alleged assault by Hall and Combs occurred, Plaintiff has failed to allege a cognizable basis for holding the UMG Defendants liable for that alleged conduct.

### A. The Court Cannot Consider Factual Allegations Raised For The First Time In Plaintiff's Opposition

Essentially conceding that the four corners of Plaintiff's *fourth* Complaint are insufficient, the Opposition instead seeks to rely on voluminous exhibits and affidavits that are not properly

---

opinion or belief of the affiant, or matters outside the personal knowledge of the affiant, are not "competent" evidence.).

[8] Mr. Burrowes merely states that it was not "uncommon" for UMGR to provide housing and transportation sometime after certain irrelevant incidents occurred in 1989 and the early 1990s.

6

before the Court on the Motion. *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (internal citations omitted). Under Third Circuit precedent, none of these new "facts" can be considered by the Court in considering a Rule 12(b)(6) motion; however, although the Court may consider them for the limited purpose of assessing futility of amendment (*see infra* Section III), it is clear that Plaintiff's improperly pled allegations still fail to overcome the substantial and fatal shortcomings of each of the eight causes of action asserted in the Complaint against the UMG Defendants. Dismissal with prejudice is therefore appropriate.

### B. Plaintiff's Negligence Claims Fail to State a Claim

As argued more fully in the Motion, Plaintiffs' negligence claims against the UMG Defendants fail for multiple reasons, including her failure to allege (i) any duty of care owed by the UMG Defendants to Plaintiff or (ii) any breach thereof. Plaintiff does nothing to cure the first defect—that is, the absence of any legal basis for imputing a duty on the UMG Defendants as to Plaintiff—a North Carolina teenager with no association with the UMG Defendants at the relevant time—who (presumably) voluntarily came to New Jersey to visit friends. Instead, the Opposition seeks to establish that the UMG Defendants should have been aware of a "propensity" by Combs (notably, not Hall, whom Plaintiff was unable to serve with the Complaint) to engage in violent acts based solely on an asserted 1989 event at Howard University. (Opp. at 24).

The alleged 1989 Howard University incident—which was only publicly reported *in 2024*—is woefully insufficient to establish foreseeability and, in turn, a duty by the UMG Defendants in the instant case. (Br. at 19.) Nor does foreseeability, even if plausibly alleged, create the existence of a duty where none otherwise exists. *Doe ex rel. Doe v. Small*, 654 F. Supp. 3d 376, 395 (D.N.J. 2023) ("While foreseeability alone does not create a duty . . . there can be no duty unless harm to another is reasonably foreseeable."). Plaintiff adds a new extra-pleading allegation

7

that "Andre Harrell, personally traveled to Washington, D.C., to retrieve Combs, bring him back to New Jersey, and reinstate him as an A&R executive despite knowing the extent of his violent behavior." (Opp. at 24.) The Opposition does not allege *when* this occurred nor tie the alleged Howard University event to any purported awareness by the UMG Defendants of Combs' (or Hall's) alleged propensity to commit *sexual* assault. *Cf. M.C. v. Harnad*, No. 21-19819, 2024 WL 3219494, at *6 (D.N.J. June 27, 2024) ("The unrelated spree of criminal incidences—involving property crimes and other non-sexual violence—on Princeton's campus do not establish the Trustees' constructive knowledge of sexual assault."). Finally, neither the Complaint's allegations regarding Hall and/or Combs' purported misconduct from well *after* 1990, nor its voluminous exhibits regarding recent lawsuits brought against Combs (also well *after* 1990) (*see* ECF No. 63-6), as a matter of law, could provide the UMG Defendants with notice at the time of Plaintiff's alleged assault that either Hall or Combs had a propensity to commit acts of sexual violence. *See Moretz v. Trustees of Princeton*, No. 21-19822, 2023 WL 9017155 at *3 (D.N.J. Dec. 29, 2023) (noting timing is an important part of a negligent supervision claim as the employer must know of the employee's dangerous attribute "**before** the employee takes the action which causes a plaintiff's injury") (emphasis added) (internal citations omitted). Because Plaintiff cannot establish the requisite element of a duty owed to Plaintiff by the UMG Defendants, all her claims sounding in negligence must fail, and should be dismissed with prejudice.

### C. Plaintiff Fails to State a Claim for IIED

For the same reason Plaintiff's negligence claims fail—i.e., Plaintiff fails to adequately allege that the UMG Defendants had (or should have had) prior knowledge of either Hall or Combs' purported propensity to commit sexual assault—Plaintiff's IIED claim also fails as a matter of law because the Complaint does not allege that the UMG Defendants acted with "extreme and outrageous" conduct. *See Doe ex rel. Doe*, 654 F. Supp. 3d at 401 (dismissing plaintiff's IIED

8

claim because complaint does not allege that defendant had knowledge of plaintiff's abuse and, accordingly, does not satisfy the "'elevated threshold' for finding outrageous conduct").

### D. Plaintiff Fails to State a Claim for Vicarious Liability

As an initial matter, neither the Complaint nor the Opposition alleges any facts that support Plaintiff's conclusory assertion that either Hall or Combs was ever an employee or agent of UMGR. That alone is fatal to any claim for vicarious liability. Moreover, Plaintiff concedes that, generally, "an employer may be held vicariously liable for the tortious conduct of its employees when that conduct is committed ***within the scope of employment***." (Opp. at 23.) Here, there is no question that a sexual assault allegedly committed by alleged employees is outside the scope of employment. (Br. at 24.) That omission also mandates dismissal.

Plaintiff instead argues a purported exception to this general rule where an "employee's wrongful conduct was incidental to their assigned duties or furthered the employer's interests." (Opp. at 23 (citing to *Lehmann v. Toys "R" Us, Inc.*, 132 N.J. 587, 619 (1993) and *Hardwicke v. Am. Boychoir Sch.*, 188 N.J. 69, 100 (2006)). But this misstates the law. As discussed below, the holding in the *Hardwicke* case (on which Plaintiff heavily relies) is narrow and specific to CSAA claims. Courts have declined to extend *Hardwicke* where, as here, the defendant is not a passive abuser under the CSAA, i.e., was not standing *in loco parentis* to the plaintiff. *See D.T. v. Hunterdon Med. Ctr.*, No. A-2441-10T2, 2012 WL 4448774, at *3 (N.J. Super. Ct. App. Div. Sept. 27, 2012) (affirming trial court decision that "found no basis to extend liability pursuant to [*Hardwicke*] for actions outside the scope of employment . . . [noting] that [defendant] HMC cannot be considered a boarding school, as in *Hardwicke*, and did not occupy an *in loco parentis* position to [plaintiff]"). The UMG Defendants do not qualify as passive abusers under the CSAA (Br. at 26). Thus, the *Hardwicke* exception to the "within the scope of employment" requirement for vicarious liability does not apply, mandating dismissal of Plaintiff's claim with prejudice.

9

### E. Plaintiff Fails to State a Claim for Violation of the New Jersey Child Sexual Abuse Act

The Opposition ignores the most fundamental element required to establish a CSAA claim— *i.e.*, that the UMG Defendants stood *in loco parentis* within the Plaintiff's household (*see* Br. at 26)—and the UMG Defendants' legal arguments as to why this claim fails (Br. at 25-27).

For just that reason, and as discussed above, Plaintiff's reliance on *Hardwicke* to support her CSAA claim is entirely misplaced. *Hardwicke* involved claims brought against a private boarding school for alleged sexual abuse that had occurred on school property, committed by, indisputably, school employees. Specifically, "[t]he Court in *Hardwicke* held a private boarding school ***qualifying as a passive abuser under the [CSAA]*** could be held vicariously liable for. . . sexual abuse committed by an employee acting outside the scope of his or her employment." *Simpkins v. S. Orange-Maplewood Sch. Dist.*, No. A-2181-21, 2024 WL 4440613, at *2 (N.J. Super. Ct. App. Div. Oct. 8, 2024) (emphasis added). The *Hardwicke* court reasoned that a boarding school, in "providing students with necessary shelter, food, education, recreation, and succor, . . . acted in place of their parents" and provided "amenities characteristic of both a school and a home" so as to establish the CSAA requirements for passive abuser liability. 188 N.J. at 93.

If anything, *Hardwicke* plainly illustrates why Plaintiff's CSAA claim here ***fails:*** Plaintiff has not alleged—because she certainly cannot—that the UMG Defendants provided her with "shelter, food, education, recreation and succor," or any amenities characteristic of a home. Accordingly, because Plaintiff cannot establish, nor even allege, that the UMG Defendants stood *in loco parentis* to her, this claim should be dismissed with prejudice.

### F. Plaintiff Fails to State a Claim for Mann Act Violations

Plaintiff's Mann Act claim fails because the criminal statute cited in the Complaint provides no private or civil cause of action. (Br. 28-29.) The Opposition spends over four-pages

spouting conclusory statements as to why Plaintiff has stated an adequate claim under the Mann Act. (Opp. at 39-43.) This does nothing to overcome the clear legal bar to a civil Mann Act claim.

The private right of action for minors under the Mann Act exists only pursuant to CAVRA, which is **not** pled in the Complaint. Moreover, Plaintiff cannot assert (nor establish) such a claim because the CAVRA amendment creating a private right of action under the Mann Act was not operative at the time of Plaintiff's alleged assault and does not apply retroactively. (Br. at 29); *see, e.g.*, *Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 302-14 (1994) (holding amendment to 42 U.S.C. § 1981 could not be applied retroactively). Even if CAVRA did apply to these allegations, Plaintiff's claim would be barred by the six-year statute of limitations. (Br. at 29). Likewise, the TVPA was enacted after the alleged assault occurred and does not apply retroactively. (Br. at 30.)

## III.     DISMISSAL SHOULD BE WITH PREJUDICE

The Court should dismiss the Complaint with prejudice because further amendment would be futile. *Mullin v. Balicki*, 875 F.3d 140, 149-51 (3d Cir. 2017). Amendment of a complaint is futile when the complaint as amended still fails to state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Here, "Plaintiff submitted supplemental affidavits which, of course, the Court cannot consider for the [12(b)(6) Motion] but [can] review[] and consider[] in determining whether allowing Plaintiff to amend the Complaint would be futile." *W.H. v. R.C.*, No. CV 19-13538, 2020 WL 1041390, at *11 (D.N.J. Mar. 4, 2020).

Plaintiff has already had multiple opportunities to amend her Complaint, including in response to the UMG Defendants' prior motion to dismiss the Amended New York Complaint. Moreover, while Plaintiff has not provided a proposed amended complaint, should the Court be

inclined to permit one,[9] none of the new "facts" that Plaintiff introduces in her Opposition establish that (i) UMG Defendants had requisite contacts with New Jersey to establish general or specific jurisdiction (dispositive of all claims); (ii) the alleged assault was foreseeable to the UMG Defendants (dispositive for claims III, IV, VII, VIII, and IX); or (iii) the UMG Defendants stood *in loco parentis* to Plaintiff (dispositive for claims V and VI). In addition, although Plaintiff already changed her initial assertion of *where* the alleged assault took place, she cannot change *when* it purportedly occurred. Thus, any Mann Act or TVPA claim (claim X) is perpetually time-barred.

## CONCLUSION

For the foregoing reasons, this Court should grant the UMG Defendants' Motion to Dismiss Counts III-X of the Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) and dismiss the claims against them in their entirety with prejudice, and any other such relief the court deems appropriate.

---

[9] Local Civil Rule 7.1(f) provides that upon the filing of a motion for leave to file a complaint, "the moving party shall attach to the motion a copy of the proposed pleading and shall state whether the motion is opposed." "Local Civil Rule 7.1(f), in fact, requires that a plaintiff attach a copy of the proposed amended complaint to any motion for leave to amend . . . and failure to comply with this rule has resulted in the denial of such motions." *U.F.C.W. Loc. 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149, 153 (D.N.J. 2007). "Failure to include a proposed amended complaint is a basis for dismissal of a Plaintiff's motion to amend his complaint." *Hanh v. New Jersey*, No. 11-1874-ES-SCM, 2013 WL 1951990, at *1 (D.N.J. May 8, 2013).

Dated: March 11, 2025

By:   */s/ Jessica Greer Griffith*
    Jessica Greer Griffith
    New Jersey Bar No. 126432014
    Edward B. Diskant (*pro hac vice*)
    Lisa A. Linsky (*pro hac vice*)
    Max J. Kellogg (*pro hac vice*)
    MCDERMOTT WILL & EMERY LLP
    One Vanderbilt Avenue
    New York, New York 10017
    Tel: (212) 547-5400
    GGriffith@mwe.com
    EDiskant@mwe.com
    LLinsky@mwe.com
    MKellogg@mwe.com

    Elizabeth A. Rodd (*pro hac vice*)
    MCDERMOTT WILL & EMERY LLP
    200 Clarendon Street
    Boston, MA 02116
    Tel: (617) 535-4000
    ERodd@mwe.com

    *Attorneys for Defendants UMG Recordings, Inc. and Universal Music Group, N.V.*