**SHER TREMONTE LLP**
Yonatan Y. Jacobs (02251-2010)
Erica A. Wolff (admitted *pro hac vice*)
Michael Tremonte (admitted *pro hac vice*)
Katie Renzler (admitted *pro hac vice*)
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2600
YJacobs@shertremonte.com
EWolff@shertremonte.com
MTremonte@shertremonte.com
KRenzler@shertremonte.com
*Attorneys for Defendant Sean Combs*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LIZA GARDNER,<br><br>                Plaintiff,<br><br>-against-<br><br><br>SEAN COMBS, et al.<br><br>                Defendants. | Case No. 24-CV-07729 |

**REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF DEFENDANT SEAN COMBS'
<u>MOTION TO DISMISS THE FIRST AMENDED COMPLAINT</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT .......................................................................................... 1

ARGUMENT ........................................................................................................................ 2

I. THE COURT CANNOT CONSIDER FACTUAL ALLEGATIONS ASSERTED FOR THE FIRST TIME IN PLAINTIFF'S OPPOSITION ....... 2

II. THE FAC SHOULD BE DISMISSED AS TO MR. COMBS FOR LACK OF PERSONAL JURISDICTION ................................................................ 3

III. THE FAC FAILS TO STATE A MANN ACT CLAIM ................................. 5

IV. THE FAC FAILS TO STATE A TVPA CLAIM ........................................... 10

V. THE TORT CLAIMS MUST BE DISMISSED WITH PREJUDICE .......... 13

VI. THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR LEAVE TO AMEND THE COMPLAINT FOR A FIFTH TIME .............................. 14

CONCLUSION ................................................................................................................... 15

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aldossari v. Ripp*,
   49 F.4th 236 (3d Cir. 2022)..........................................................................................4

*Daimler v. Bauman*,
   571 U.S. 117 (2014)......................................................................................................3

*Ditullio v. Bo*,
   662 F.3d 1091 (9th Cir. 2011)...................................................................................6, 7

*Fisher v. Hollingsworth*,
   115 F.4th 197 (3d Cir. 2024).........................................................................................8

*Gavin v. Board of Education, South Orange-Maplewood School District*,
   Civ. No. 20-09191 (KM) (JSA), 2021 WL 1050364 (D.N.J. Mar. 18, 2021)........8

*Grayson v. Mayview State Hospital*,
   293 F.3d 103 (3d Cir. 2002).......................................................................................14

*Greene v. Woodlawn Unit Sch. Dist. #209*,
   No. 22-CV-2727, 2023 WL 6216943 (S.D. Ill. Sept. 25, 2023)............................8

*Haller v. Usman*,
   Civil Action No. 22-773 (SDW) (MAH), 2024 WL 124629
   (D.N.J. Jan. 10, 2024)..................................................................................................3

*Hicks v. N.J. Dep't of Corr.*,
   No. 316-CV-00927(BRM)(LHG), 2019 WL 5587324 (D.N.J. Oct. 30, 2019)......3

*In re Burlington Coat Factory Securities Litig.*,
   114 F.3d 1410 (3d Cir. 1997)............................................................................. 14, 15

*J.A. v. Monroe Twp. Bd. of Educ.*,
   No. 120-CV-09498 (NLH)(MJS), 2023 WL 5417427 (D.N.J. Aug. 22, 2023) .....2

*Jimenez v. T.D. Bank, N.A.*,
   No. 120CV07699NLHSAK, 2021 WL 4398754 (D.N.J. Sept. 27, 2021) .......9, 11

*Kane v. Mt. Pleasant Central Sch. Dist.*,
   80 F.4th 101 (2d Cir. 2023) ..................................................................................9

*Livingstone v. Haddon Point Manager LLC*,
   No. CV-1913412 (RBK)(AMD), 2020 WL 7137852 (D.N.J. Dec. 7, 2020) .........3

*M.A. v. Wyndham Hotels & Resorts, Inc*,
   425 F. Supp. 3d 967 (S.D. Ohio 2019) ................................................................12

*Maurizio v. Goldsmith*,
   84 F. Supp. 2d 462 (S.D.N.Y.), *aff'd,* 230 F.3d 518 (2d Cir. 2000). .......................9

*Mickel Drilling Partners ex rel. Mickel v. Cabot Oil & Gas Corp.*,
   No. 3:CV-11-0061, 2012 WL 4953081 (M.D. Pa. Oct. 16, 2012) .........................4

*New West Urban Renewal Co. v. Westinghouse Elec. Co*,
   909 F. Supp. 228 (D.N.J. 1995) .............................................................................7

*O'Connor v. Sandy Lane Hotel Co., Ltd.*,
   496 F.3d 312 (3d Cir. 2007) ...................................................................................5

*Pa. ex rel. Zimmerman v. PepsiCo, Inc.*,
   836 F.2d 173 (3d Cir. 1988) ...................................................................... 2, 5, 12

*Palm Beach Strategic Income, LP v. Salzman*,
   No. 10-CV-26 (JS)(AKT), 2011 1655575 (E.D.N.Y. May 2, 2011),
   *aff'd,* 457 F. App'x 40 (2d Cir. 2012) ....................................................................4

*Retirement Sys. v. Chubb Corp.*,
   394 F.3d 126 (3d Cir. 2004) .................................................................................15

*United States v. Holland*,
   381 F.3d 80 (2d Cir. 2004) ...................................................................................10

*United States v. Taylor*,
   239 F.3d 994 (9th Cir. 2001) ................................................................................10

**Statutes**

18 U.S.C. § 1591 ...................................................................................................12
18 U.S.C. § 1595 ................................................................................................6, 11
18 U.S.C. § 2255 ............................................................................................ 6, 7, 8
18 U.S.C. § 2421 .....................................................................................................9
18 U.S.C. § 2422 ............................................................................................. 9, 10

**Rules**

Fed. R. Civ. P. 15(a) .............................................................................................14

Defendant Sean Combs, by and through the undersigned counsel, respectfully submits this reply memorandum of law in further support of his Motion to Dismiss the FAC[1] (ECF Nos. 53-55) ("Motion to Dismiss").

## PRELIMINARY STATEMENT

Mr. Combs' Opening Brief set forth the fundamental statutory, common law, and constitutional principles that preclude Plaintiff's decades-old claims from further pursuit. First, all of the claims against Mr. Combs must be dismissed because, when the facially implausible and inconsistent allegations in the FAC are disregarded (as they should be), the Court lacks personal jurisdiction over him. Second, any purported federal statutory claim – either the Mann Act claim she asserts in her Tenth Cause of Action or the TVPA claim she argues she meant to assert – is unavailable because, in addition to the FAC's failure to plead their requisite elements, no private right of action existed for those statutes at the time in question, and even if one did, any such claims expired long ago. Third, Plaintiff's tort claims are inadequately pled and time-barred because any purported expansion of the statute of limitations is unconstitutional as applied. In response to Mr. Combs' Motion to Dismiss, Plaintiff functionally concedes the FAC is deficient by repeatedly attempting to remedy the deficiencies – as she has sought to do multiple

---

[1] Capitalized terms have the same meaning as those used in the Memorandum of Law in Support of Defendant Sean Combs' Motion to Dismiss the First Amended Complaint (the "Opening Brief" or "Br."). *See* ECF No. 55.

1

times before when her claims were challenged – by asserting new facts, including facts that contradict her pleading. She does not rebut the binding case law that forecloses her claims, but instead makes sweeping conclusions about the viability of her causes of action with absolutely no legal support. For the reasons set forth below and in the Opening Brief, the FAC should be dismissed with prejudice.

## ARGUMENT

**I.   THE COURT CANNOT CONSIDER FACTUAL ALLEGATIONS ASSERTED FOR THE FIRST TIME IN PLAINTIFF'S OPPOSITION**

In what can be viewed only as a tacit acknowledgement that the FAC is deficient, in her Opposition, Plaintiff repeatedly asserts unpled allegations designed to remedy the problems identified in Mr. Combs' Motion to Dismiss. As detailed *infra*, not only are these new allegations entirely absent from the FAC, but many of them also conflict with or contradict the FAC's allegations. Plaintiff's strategy is wholly improper—"[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citation omitted). Accordingly, the Court cannot credit any of Plaintiff's belated, unpled assertions.[2]

---

[2] Plaintiff's Opposition suffers from an additional deficiency that requires the Court to disregard her brief: at over 80 pages, it far exceeds the 40-page limit set by the Local Rules. *See* L. Civ. R. 7.2; *J.A. v. Monroe Twp. Bd. of Educ.*, No. 120-CV-09498 (NLH)(MJS), 2023 WL 5417427, at *2 (D.N.J. Aug. 22, 2023) (denying summary judgment motions where briefs were 79 and 51 pages long, respectively). This is particularly true where, as here, the Court previously admonished counsel

## II. THE FAC SHOULD BE DISMISSED AS TO MR. COMBS FOR LACK OF PERSONAL JURISDICTION

This Court lacks personal jurisdiction over Mr. Combs. The FAC is devoid of any allegations that would support general jurisdiction over Mr. Combs, and any allegations that could plausibly give rise to specific jurisdiction — that alleged misconduct occurred in New Jersey — are not credible and must be disregarded. The Court should dismiss the FAC with prejudice for lack of personal jurisdiction.

*First*, contrary to Plaintiff's baseless assertion (Opp. at 46), which does not appear in the FAC, the Court does not have general jurisdiction over Mr. Combs. The paradigmatic forum of general jurisdiction for an individual defendant is his domicile when served. *Haller v. Usman*, Civil Action No. 22-773 (SDW) (MAH), 2024 WL 124629, at *4 (D.N.J. Jan. 10, 2024) (quoting *Daimler v. Bauman*, 571 U.S. 117, 127 (2014)). The FAC alleges Mr. Combs was "at all relevant times a resident of and domiciled in" New York (FAC ¶ 8); taking the allegation as true, he would be subject to general jurisdiction in New York (not New Jersey). Yet, Plaintiff mistakenly invokes the standard for general jurisdiction over corporations, arguing Mr. Combs is subject to general jurisdiction because he had "extensive

---

to comply with the Local Rules. *See Livingstone v. Haddon Point Manager LLC*, No. CV-1913412 (RBK)(AMD), 2020 WL 7137852, at *13 (D.N.J. Dec. 7, 2020) (denying overlength motion where court had warned plaintiff to comply with Local Rules). At minimum, the Court should disregard that portion of the Opposition extending past 40 pages. *See Hicks v. N.J. Dep't of Corr.*, No. 316-CV-00927(BRM)(LHG), 2019 WL 5587324, at *1, n.1 (D.N.J. Oct. 30, 2019).

3

business operations" in New Jersey. Opp. at 46. Even if this standard applied to individuals (it does not), her argument would fail because that allegation is not only absent from the FAC, but is also too conclusory to support general jurisdiction.[3] *See Aldossari v. Ripp*, 49 F.4th 236, 257-58 (3d Cir. 2022).

*Second*, the Court has no basis for exercising specific jurisdiction over Mr. Combs. Plaintiff fails to engage substantively with the argument that the Court should not credit recent allegations of tortious conduct in New Jersey. *See* Br. at 13-18. Whereas in the normal course a court must accept a plaintiff's allegations as true at the motion to dismiss stage, it is not obligated to do so where, as here, the amended pleading "directly contradict[s]" the original pleading. *Palm Beach Strategic Income, LP v. Salzman*, No. 10-CV-26 (JS)(AKT), 2011 1655575, at *5-6 (E.D.N.Y. May 2, 2011), *aff'd,* 457 F. App'x 40 (2d Cir. 2012). In the uncommon situation where an amended pleading conflicts directly with a prior pleading, courts consider six factors when assessing whether the subsequent, contradictory allegations should be credited. *See Mickel Drilling Partners ex rel. Mickel v. Cabot Oil & Gas Corp.*, No. 3:CV-11-0061, 2012 WL 4953081, at *7 (M.D. Pa. Oct. 16, 2012); *Palm Beach*, 2011 WL 16555575, at *5-6. As set forth in the Opening Brief, here, those factors weigh heavily against crediting Plaintiff's later-

---

[3] The FAC's vague, group pleading that the defendants owned real estate in New Jersey does not support personal jurisdiction as to Mr. Combs. *See* Br. at 12 n.1.

4

in-time allegations that alleged misconduct occurred in New Jersey, where the law happens to be more favorable to a decades' old claim, rather than New York.[4]  Br. at 14-18.

*Finally*, once the allegation that alleged misconduct occurred in New Jersey falls away, the FAC does not provide a basis on which this Court can exercise specific personal jurisdiction over Mr. Combs.[5]  *See O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312 at 317 n.2; Br. at 18-19.

### III.   THE FAC FAILS TO STATE A MANN ACT CLAIM

Plaintiff's Mann Act claim must be dismissed with prejudice.  As a threshold matter, the FAC does not cite the statute that gives rise to a civil Mann Act claim.  But, even if it did, the claim would fail because Plaintiff relies on conduct predating the creation of that civil remedy, which is not retroactive.  Even if the

---

[4] That Plaintiff continues to shift her narrative through unpled allegations in her Opposition and repeated requests to replead (*see, infra*) underscores the incredibility of the FAC and supports disregarding her contradictory allegations.

[5] Plaintiff's opposition includes new factual assertions related to personal jurisdiction that are not pled in and at times conflict with the FAC. *Compare* Opp. at 45 (asserting "Combs personally transported Plaintiff to New Jersey") with FAC ¶ 41 ("the corporate defendants transported the [Plaintiff] . . . to New Jersey"); *compare* Opp. at 48 ("Combs or his associates" "owned or subsidized" the residence in New Jersey where Plaintiff alleges she was assaulted) *with* FAC ¶ 44 (alleging "MCA, UR, and UMGR . . . subsidized" the "house"); *see also* Opp. at 45 (asserting, for the first time that "Combs used corporate sponsorships and business ties within New Jersey to facilitate his activities").  The Court must disregard these new assertions.  *Pa. ex rel. Zimmerman*, 836 F.2d at 181.

5

claim could apply retroactively, it would be time-barred here.  In any event, Plaintiff fails to plead the elements of a Mann Act claim.

The statutory provisions Plaintiff cites as a basis for her purported Mann Act claim — 22 U.S.C. §§ 7101, *et seq.*, and 18 U.S.C. § 1595(a) (FAC ¶¶ 205, 207) — do not establish a private right of action for a Mann Act claim.  Br. at 21-22.  Conceding this deficiency (as she must), Plaintiff now argues that she brings the claim pursuant to a different statute, 18 U.S.C. § 2255 (CAVRA), which appears nowhere in the FAC.  Opp. at 52, 56-58.  Although CAVRA now provides a private right of action for Mann Act claims involving minors, Plaintiff cannot successfully invoke CAVRA on the facts alleged in the FAC.

*First*, CAVRA does not apply to Mann Act claims premised on conduct that preceded 1998 (the year CAVRA was expanded to cover Mann Act violations).  *See* Br. at 23-25.  Plaintiff does not dispute that, at the time of the alleged misconduct, in 1990, CAVRA did not provide a private right of action for Mann Act violations.  She argues that she can bring the claim nonetheless because CAVRA applies retroactively.  Opp. at 60.  Plaintiff cites no authority to support that position.[6]  That is because none exists.  Rather, the case law forecloses

---

[6] Plaintiff cites two irrelevant cases in her discussion of retroactivity.  First, she cites *Ditullio v. Boehm*, 662 F.3d 1091 (9th Cir. 2011) (Opp. at 60), but this case does not involve a CAVRA claim, and, as discussed in the Opening Brief (at 33), supports the separate argument that Plaintiff's TVPA claim fails.  *Ditullio*, 662 F.3d

6

Plaintiff's argument. Neither CAVRA nor its legislative history bears the hallmarks necessary to defeat the presumption against retroactivity. Br. at 23-25. Thus, even if Plaintiff had cited CAVRA as the applicable statutory vehicle for her Mann Act claim (which she did not), the claim would fail because CAVRA did not provide a cause of action for such a claim at the time of the alleged misconduct.

*Second*, even if CAVRA could be read to allow retroactive application for a Mann Act claim based on conduct pre-dating 1998 (which it cannot), Plaintiff's claim would nonetheless be time-barred.[7] In 1998, when CAVRA was amended to incorporate Mann Act violations, the applicable statute of limitations was six years. 18 U.S.C. § 2255 (1986). Because the alleged conduct occurred in 1990, any claim Plaintiff had pursuant to CAVRA would have been time-barred by 1998, and nothing in the statute suggests that it would have revived a time-barred claim. To

---

at 1098-01 (TVPA does not apply retroactively). Plaintiff also repeatedly cites "*United States v. Masha*, 990 F.3d 1005, 1014 (7th Cir. 2021)" (Opp. at 61); however, undersigned counsel has been unable to locate a case with this citation.

[7] Plaintiff argues she is exempt from all applicable statutes of limitations because of the "discovery rule and delayed disclosure doctrine." Opp. at 64-65. Under the discovery rule, a cause of action does not accrue "until [a] plaintiff learns, or reasonably should learn, the existence of that state of facts which may equate in law with a cause of action." *Burd v. New Jersey Tel. Co.*, 76 N.J. 284, 291 (1978). Plaintiff does not (and cannot) allege she did not learn of the relevant "state of facts" when the alleged misconduct occurred; therefore, the doctrine is inapplicable. *New West Urban Renewal Co. v. Westinghouse Elec. Corp.*, 909 F. Supp. 219, 228 (D.N.J. 1995). Plaintiff provides no legal support for the supposed "delayed disclosure doctrine," and the undersigned has not found any.

7

the contrary, case law establishes it would not. *See Greene v. Woodlawn Unit Sch. Dist. #209*, No. 22-CV-2727, 2023 WL 6216943, at *11 (S.D. Ill. Sept. 25, 2023). Similarly, the recent abrogation of CAVRA's statute of limitations entirely, 18 U.S.C. § 2255(b), does not revive time-barred claims and therefore does not offer Plaintiff a lifeline. Br. at 25-27; *Greene*, 2023 WL 6216943, at *3 n.3.

Plaintiff does not engage with these arguments. Instead, she obliquely suggests without citing any authority that, to the extent that her Mann Act claim is time-barred, New Jersey's CSAA Amendment revives it.[8] *See* Opp. at 60. This is not true. Case law makes plain that state revival statutes do not govern the statutes of limitations for federal claims. In *Gavin v. Board of Education, South Orange-Maplewood School District*, Judge McNulty held that the CSAA Amendment's enlarged statute of limitations period did not extend the statute of limitations for otherwise time-barred federal civil rights claims which borrow their statutes of limitations from state law. Civ. No. 20-09191 (KM) (JSA), 2021 WL 1050364, at *4-5 (D.N.J. Mar. 18, 2021); *see also Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (holding New Jersey's sexual assault revival statute, N.J.S.A. § 2A:14-2b, cannot revive an untimely federal claim). Moreover, every United States Court of Appeals to address the issue of whether a state's specialized statute of

---

[8] Elsewhere, she acknowledges that the CSAA Amendment does not apply to her federal claims. Opp. at 79.

8

limitations for sexual abuse claims—like the CSAA—renders an otherwise untimely federal claim timely has held that it does not. *Kane v. Mt. Pleasant Central Sch. Dist.*, 80 F.4th 101, 108 (2d Cir. 2023) (collecting cases).[9] In any event, the CSAA Amendment is unconstitutional as applied here. *See infra*, Section V.

*Third*, setting aside the procedural bars, Plaintiff's claim fails because she does not plead the elements necessary to make out violations of 18 U.S.C. §§ 2421, 2422(b), or 2423(a). *See* Br. at 27-31. To plead a violation of Section 2422(b), a plaintiff must allege, among other things, that the defendant "use[d] a means of interstate commerce" to persuade, induce, entice, or coerce illicit sexual conduct. Br. at 28. The FAC includes no such allegations. *Id.* Plaintiff does not dispute this, thereby waiving the claim. *Jimenez v. T.D. Bank, N.A.*, No. 120CV07699NLHSAK, 2021 WL 4398754, at *14 (D.N.J. Sept. 27, 2021). As such, Plaintiff's claim for violation of § 2422(b) must be dismissed.

Rather than argue that her claims for violations of Sections 2421 and 2423(a) are adequately pled, Plaintiff improperly tries to write new facts into her Opposition—even ones that contradict the FAC. As set forth in the Opening Brief,

---

[9] The logic of those cases applies even more forcefully here, where the Mann Act does not look to state law for its statute of limitations but rather includes its own, which has long since run. *See Maurizio v. Goldsmith*, 84 F. Supp. 2d 455, 462 (S.D.N.Y.), *aff'd*, 230 F.3d 518 (2d Cir. 2000).

9

Sections 2421(a) and 2423(a) require that the defendant participated in the transportation of the plaintiff across state lines, and that he did so with the intent that the plaintiff engage in criminal sexual conduct. Br. at 29-30. Although a defendant need not directly transport the person, he must do more than suggest or invite travel, *cf. United States v. Holland*, 381 F.3d 80, 87 (2d Cir. 2004); *United States v. Taylor*, 239 F.3d 994, 996-97 (9th Cir. 2001)—which is, at most, what Plaintiff alleges Mr. Combs did in connection with her purported transportation from New York to New Jersey. Br. at 29-31 (citing FAC ¶¶ 36, 41, 44, 141). Plaintiff's new assertions in her Opposition that attempt to position Mr. Combs as personally responsible for Plaintiff's trip from New York to New Jersey in 1990 (*see, e.g.*, Opp. at 45, 60, 66) have no bearing on the Court's analysis. None of these allegations appear in the FAC. *See generally* FAC. Moreover, they directly contradict the FAC, which alleges that the Corporate Defendants organized her travel. FAC ¶ 41. Clearly, these new allegations were fashioned in response to Mr. Combs' motion to dismiss, just as Plaintiff asserted new allegations about traveling to New Jersey after realizing she had no viable claims under New York law.

## IV.    THE FAC FAILS TO STATE A TVPA CLAIM

To the extent the FAC can be read to assert a TVPA claim—an interpretation requiring huge inferential leaps given the FAC references the statute giving rise to a civil TVPA claim only in passing—the claim must be dismissed with prejudice.

10

Plaintiff ignores entirely that the law precludes her from asserting a civil TVPA claim for conduct that allegedly occurred in 1990, thirteen years before the remedy was created. As explained in the Opening Brief, 18 U.S.C. § 1595(a), which codifies the TVPA's civil remedy provision, was enacted in 2003, and courts have routinely held it does not apply retroactively to pre-enactment conduct. Br. at 31-33. Plaintiff makes no effort to rebut this argument, nor could she. Accordingly, the Court must dismiss Plaintiff's TVPA claim (if she even alleged one). *Jimenez*, 2021 WL 4398754, at *14.

Rather than address the argument that the TVPA's civil remedy is not available to her, Plaintiff again focuses her efforts on trying to rewrite the FAC. The Motion to Dismiss pointed out that the FAC failed to identify which provision of the TVPA was allegedly violated. Br. at 31-32. In her Opposition, Plaintiff claims 18 U.S.C. §§ 1591(a)(1) and (a)(2) were violated. Opp. at 68-69. As explained in the Opening Brief (at 31-32), to plead a claim pursuant to 18 U.S.C. § 1595(a)(1), a plaintiff must allege that the defendant "knowingly" (1) "in or affecting interstate or foreign commerce . . . recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits . . . a person" (2) "knowing, or . . . in reckless disregard of the fact, that means of force, threats of

force, fraud, coercion . . . will be used [(3)] to cause the person to engage in a commercial sex act." 18 U.S.C. § 1591(a).[10]

The FAC alleges none of the facts necessary to make out these elements.[11] Contrary to Plaintiff's arguments (Opp. at 68), the FAC does not plead that Mr. Combs transported Plaintiff across state lines. Plaintiff asserts that by allegedly providing "minors"—without mentioning Plaintiff specifically—with "alcohol, marijuana, and other intoxicants," Mr. Combs coerced Plaintiff. Opp. at 69 (citing 18 U.S.C. § 1591(e)). However, Plaintiff cites neither allegations from the FAC nor legal authority to support this argument. Finally, and significantly, Plaintiff does not plead—nor does she try to argue—that any conduct by Mr. Combs caused her "to engage in a commercial sex act," *i.e.*, "any sex act, on account of which anything of value is given to or received by any person." 18 U.S.C. § 1591(e)(3). Plaintiff's TVPA claim (insofar as she pled one) must be dismissed.

---

[10] The Opposition also attempts to assert a claim against Mr. Combs for beneficiary liability pursuant to § 1591(a)(2), which prohibits a person from "benefit[ting], financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of" § 1591(a)(2). Opp. at 69-70. This claim is nowhere in the FAC, nor are Plaintiff's new conclusory assertions that Mr. Combs benefitted from participating in sex trafficking (*Id*. at 69). For these reasons, this claim cannot survive. *Pa. ex rel. Zimmerman*, 836 F.2d at 181.

[11] Plaintiff completely misrepresents the law when she asserts that "trafficking claims require factual development before dismissal can be considered." Opp. at 70 (misleadingly citing *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 967 (S.D. Ohio 2019)).

## V.     THE TORT CLAIMS MUST BE DISMISSED WITH PREJUDICE

Plaintiff's tort claims are time-barred, and her NIED claim is deficiently pled. Accordingly, the Court should dismiss these claims as to Mr. Combs.

Plaintiff's arguments regarding the applicability of the CSAA Amendment misapprehend Mr. Combs' position. In the Opening Brief, Mr. Combs argues that the CSAA Amendment is unconstitutional *as applied to him*. Br. at 34-38. Yet, Plaintiff's opposition focuses on case law rejecting *facial* challenges to the constitutionality of the CSAA Amendment, including by quoting pages of such case law. Opp. at 75-80. Nowhere in her discussion, however, does Plaintiff address Mr. Combs as-applied challenge. Between Plaintiff's shifting narrative and conveniently timed pleadings, on the one hand, and the practically unprecedented quality of the CSAA Amendment's enlargement of the statute of limitations, on the other hand, retroactive application of the CSAA Amendment to allow Plaintiff's claims against Mr. Combs unconstitutionally deprives him of a vested right. Br. at 34-38. The Court should therefore dismiss Plaintiff's claims to the extent they rely on the CSAA Amendment.

Moreover, the FAC fails to plead an NIED claim as to Mr. Combs because it alleges that he acted intentionally, rather than negligently, and it does not allege

13

that he owed Plaintiff a duty of care.[12]  Br. at 39.  In response, Plaintiff baselessly asserts that the FAC pleads the requisite elements without identifying any FAC allegations or legal authority supporting that assertion (and while doubling down on her allegation that Mr. Combs' conduct was "deliberate").  Opp. at 73-74.  The Court should dismiss the NIED claim.

## VI.  THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR LEAVE TO AMEND THE COMPLAINT FOR A FIFTH TIME

Throughout Plaintiff's opposition, Plaintiff seeks leave to replead—*again*—to correct the numerous deficiencies Mr. Combs identified.  *See, e.g.*, Opp. at 43, 55, 58.  The Court should deny this request.  Although Federal Rule of Civil Procedure 15(a) provides that "leave [to amend] shall be freely given when justice so requires," a court may justifiably deny leave to amend on grounds of "undue delay, bad faith, dilatory motive, prejudice, and futility."  *In re Burlington Coat Factory Securities Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  "The first four of these reasons devolve to instances where permitting amendment would be inequitable."  *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).  Plaintiff has already filed four pleadings – two in New York and two in New Jersey – and she has not offered any reason why she did not already plead her

---

[12] Confusingly, Plaintiff argues that she has pleaded a claim for intentional infliction of emotional distress as to Mr. Combs (Opp. at 73), but the FAC brings that claim as to the Corporate Defendants only.  FAC ¶¶ 193-99.

14

claims adequately.[13]  Allowing her yet another opportunity "would clearly constitute undue prejudice" to Mr. Combs.  *Calif. Pub. Emps.' Retirement Sys. v. Chubb Corp.*, 394 F.3d 126, 163 (3d Cir. 2004) (denying leave to file third amended complaint).  Moreover, amendment would be futile as to all claims because they are procedurally barred for the reasons set forth above.  *In re Burlington*, 114 F.3d at 1434 (amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted").

## CONCLUSION

For the foregoing reasons and those set forth in the Opening Brief, Mr. Combs respectfully requests that the Court dismiss the FAC as to him with prejudice.

Dated: New York, New York
      March 11, 2025

Respectfully submitted,

*/s/ Yonatan Y. Jacobs*
Yonatan Y. Jacobs (02251-2010)
Erica A. Wolff (admitted *pro hac vice*)
Michael Tremonte (admitted *pro hac vice*)
Katie Renzler (admitted *pro hac vice*)
**SHER TREMONTE LLP**
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.: (212) 202-2600
YJacobs@shertremonte.com
EWolff@shertremonte.com

*Attorneys for Defendant Sean Combs*

---

[13] Plaintiff's repeated plea for discovery as a mechanism for gathering facts to support her jurisdictional and factual allegations (*see, e.g.*, Opp. at 47, 61, 84-86) underscores her lack of diligence in drafting her pleadings.

15