UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIZA GARDNER,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>SEAN COMBS, AARON HALL, UPTOWN RECORDS, MCA INC., UNIVERSAL MUSIC GROUP, N.V., JOHN DOES 1-10 (names being fictitious and used to connote an unidentified person responsible for this occurrence), JANE DOES 1-10 (names being fictitious and used to connote an unidentified person responsible for this occurrence), ABC CORPORATIONS 1-10 (names being fictitious and used to connote an unidentified person responsible for this occurrence),<br><br>　　　　　Defendants. | Before: Leo M. Gordon, Judge<br><br>Court No. 2:24-cv-07729 |

**MEMORANDUM and ORDER**

Dated: April 24, 2025

Tyrone A. Blackburn, T.A. Blackburn Law, PLLC, of Brooklyn, NY, for Plaintiff.

Gordon, Judge: Before the court is Plaintiff's motion to effect service upon Defendant Aaron Hall ("Hall") by publication pursuant to New Jersey Court Rule 4:4-5. See Pl.'s Mot., ECF No. 70. For the following reasons, the motion is denied without prejudice.

**I. Background**

Plaintiff has provided a Declaration from her attorney claiming "diligent and reasonable efforts to locate and serve Hall, all of which have been unsuccessful."

Court No. 2:24-cv-07729                                                                      Page 2

Decl. ¶ 1, ECF No. 70-3.  Since June 2024, Plaintiff, using process servers, attempted to serve Hall, initially at two different addresses in the greater Los Angeles, California area— one in View Park, and the other in Tarzana—and one in Cleveland, Ohio, but to no avail. Id. at ¶ 2(a)–(c).  Then, in November 2024, Plaintiff "requested a '24-hour locate' skip trace service through … [a] process service provider to quickly search databases for any updated addresses for Hall." Id. at ¶ 2.d.  That returned no new addresses for Hall. Id.

Subsequently, Plaintiff requested "a more comprehensive skip-tracing investigation (beyond the 24-hour quick search) to delve further into public records and databases." Id.  This investigation failed to yield a confirmed current residence for Hall, and by late November 2024, the only actionable information obtained on behalf of Plaintiff was a possible last-known address for Hall in Woodland Hills, California.  Id. Consequently, Plaintiff takes the position that "every reasonable avenue of inquiry was pursued – including database searches, address history lookups, and checking any leads associated with Hall's name – but no definitive new location for him was found through these means." Id.

Additionally, Plaintiff's process servers attempted service at the Woodland Hills, California, address eight times between November 7–11, 2024, and, according to Plaintiff's attorney, "[o]n or about January 8–10, 2025 (the exact dates are reflected in the process server's logs), multiple attempts were made at different times of day [as well] at the Victory Blvd. apartment address." Id. at ¶ 2.f.  According to Plaintiff, it appears from those attempts that Hall no longer lives at the Woodland Hills, California address, and no additional information about Hall's whereabouts was obtained from anyone at that

Court No. 2:24-cv-07729                                                                                           Page 3

address. Id.; see also id., Ex. B. Therefore, in Plaintiff's view, "it became apparent that this address, like the others, was not a viable location to personally serve Aaron Hall." Id. ¶ 2.f.

In sum, Plaintiff maintains that she engaged multiple process servers to attempt service at one address in Ohio and three addresses in California associated with Hall, as well as two professional skip-trace investigations and attempted to ascertain Hall's location by reviewing publicly available information (such as "social media" and "public records"). Id. ¶ 3. According to counsel, Plaintiff inquired "of colleagues or individuals who might have knowledge of Hall's location" but none of those inquiries yielded a location for Hall. Id. The attorney also states that "[b]ased on information and belief, and given Hall's background," that Hall "may reside out of state or deliberately [be] avoid[ing] service." Id. ¶ 4. According to Plaintiff's counsel, Hall may have ties to California (particularly the Los Angeles area, as reflected by his historical addresses) and may also have connections to Georgia (which is why Plaintiff seeks to publish notice in Georgia as well)." Id.; see also Pl.'s Mot. at 3.

Based on those failed efforts to discover Hall's current whereabouts, Plaintiff seeks to effect service by publishing a one-time notice of this lawsuit in newspapers of general circulation in California and Georgia. "Plaintiff is making this request as a last resort to provide Hall with notice of the action in accordance with the applicable federal and state rules." Id. Plaintiff's attorney indicates that the notice will follow the requirements of New Jersey Court Rule 4:4-5 and essentially mirror a summons, identifying the parties to the action, the court in which the action is brought, the docket number, a brief statement of

Court No. 2:24-cv-07729   Page 4

the action, and "an admonition to Hall to appear by a certain date." Decl. ¶ 5. Additionally, counsel "will mail copies of the Summons and Amended Complaint to any last-known address for Hall that we have on file (such as the Tarzana, CA address and the Woodland Hills, CA address) at the time of publication unless the Court directs otherwise." Id.

## II. Discussion

As a matter of due process, "the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." Henderson v. United States, 517 U.S. 654, 672 (1996). Under Federal Rule of Civil Procedure 4(e):

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>   (A) delivering a copy of the summons and of the complaint to the individual personally;
>
>   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Here, Plaintiff has attempted and failed to effectuate personal or substitute service upon Hall pursuant to Rule 4(e)(1). Despite efforts to locate Hall and serve him at several

possible locations where he might have resided in California and Ohio, Plaintiff has not located him.  Consequently, Plaintiff is now requesting an order authorizing service by publication "once in a newspaper of general circulation in the State of California and once in a newspaper of general circulation in the State of Georgia," pursuant to New Jersey Court Rule 4:4–5.  See Proposed Order ¶ 2, ECF 70-2.

Just as under the Federal Rules, see Fed. R. Civ. P. 4(e)(2), New Jersey law provides that personal service is the primary method to serve an individual located within the state.  See N.J. Ct. R. 4:4–4(a) (in personam jurisdiction); N.J. Ct. R. 4:4–5(a) (in rem or quasi in rem jurisdiction); see also Nat'l Specialty Ins. Co. v. Advanced Cargo Transp., Inc., Civil Action No. 3:14-CV-01417, 2014 WL 6473975 at *3–*4 (M.D. Pa. Nov. 19, 2014); Guardian Life Ins. Co. v. Crystal Clear Indus., No. 11–3062, 2012 WL 1884003, at *4 (D.N.J. May 22, 2012).  If personal service within the state cannot be effectuated, substitute or constructive service is permitted under the New Jersey Court Rules.  See N.J. Ct. R. 4:4–4(b); N.J. Ct. R. 4:4–5; Guardian Life, 2012 WL 1884003, at *4.  For in personam jurisdiction, the New Jersey Court Rules authorize alternative forms of service, including personal service outside the state pursuant to the rules of the alternate jurisdiction in which service is to be made, substitute service by mail, or "[i]f service cannot be made by any of the modes provided by this rule, ... by court order, consistent with due process of law," including constructive service by publication. N.J. Ct. R. 4:4–4(b); Guardian Life, 2012 WL 1884003, at *4.  For in rem and quasi in rem jurisdiction, the New Jersey Court Rules similarly authorize alternative forms of service, including personal service outside the state pursuant to the rules of the alternate jurisdiction in which service

is to be made, substitute service by mail, or constructive service by publication. See N.J. Ct. R. 4:4–5(a); Guardian Life, 2012 WL 1884003, at *4. Regardless of the type of action, substitute or constructive service requires the submission of an affidavit or declaration demonstrating due diligence by the plaintiff in attempting first to locate and serve the defendant personally within the state. See N.J. Ct. R. 4:4–4(b)(1); N.J. Ct. R. 4:4–5(b); Guardian Life, 2012 WL 1884003, at *4.

Plaintiff has expressly invoked the authority of New Jersey Court Rule 4:4-5(a)(3) in its request for this Court's authorization to serve Hall by publication. See generally Pl.'s Mot. (citing N.J. Ct. R. 4:4-5(a)(3) in addition to other provisions which have been incorporated into N.J. Ct. R. 4:4-5(a)(3) by amendment). But, by its terms, Rule 4:4-5 applies only to in rem and quasi in rem actions. See N.J. Ct. R. 4:4-5(a) (regarding "actions affecting specific property, ... or any res within the jurisdiction of the court, or in matrimonial actions"). Given that this action is brought in personam, New Jersey Court Rule 4:4–5(a)(3) is inapplicable. See Ins. Co. of N. Am. v. Allied Crude Vegetable Oil Ref. Corp., 89 N.J. Super. 518, 215 A.2d 579, 584–87 (N.J. Super. Ct. Ch. Div. 1965) (explaining to qualify as an in rem action, the complaint should "seek to affect the rights of particular persons in specific property").

Service by publication may nevertheless be an option in this action if conducted by court order pursuant to New Jersey Court Rule 4:4-4(b)(3). See Kopic v. Magriplis Corp., No. A–0212–05T1, 2006 WL 3903975, at *2 (N.J. Super. Ct. App. Div. Dec. 29, 2006). Despite service by publication as an option, the court is ever mindful that that method of service "is hardly favored and is the method of service that is least likely to give notice."

M & D Assocs. v. Mandara, 366 N.J. Super. 341, 841 A.2d 441, 448 (N.J. Super. Ct. App. Div. 2004).  The court further observes that the U.S. Supreme Court has cautioned the use of service by publication, noting that:

> Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed.

Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 315 (1950).

New Jersey Court Rule 4:4-4(b)(3) provides that "[i]f service cannot be made by any of the modes provided by this rule, any defendant may be served as provided by court order, consistent with due process of law."  N.J. Ct. R. 4:4-4(b)(3).  A mode of service ordered by a court is "consistent with due process of law" if it provides "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane, 339 U.S. at 314 (1950); O'Connor v. Altus, 67 N.J. 106, 335 A.2d 545, 556 (N.J. 1975) (quoting Mullane).

In determining whether to permit service by publication, the court examines the due diligence of the party seeking this substitute or constructive service.  In particular, the court is to conduct a fact-sensitive inquiry, measuring "'the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant.'"  Modan v. Modan, 327 N.J. Super. 44, 48 (App. Div. 2000) (quoting Abreu v. Gilmer, 985 P.2d 746, 749 (Nev. 1999), and reviewing relevant precedent in various jurisdictions).  Based on the record before the court, it appears that Plaintiff has exercised some diligence in inquiring into locations

Court No. 2:24-cv-07729                                                                                          Page 8

where Hall might be found. However, there are several deficiencies with Plaintiff's motion that give the court pause. For instance, the court notes that counsel's Declaration also mentions information about a potential address for Hall in Georgia. Yet, there is nothing in the record to demonstrate any attempt to serve Hall in Georgia, to determine whether Hall resides in Georgia per counsel's Declaration/Plaintiff's Motion, or any specificity as to the nature of this information at all. Consequently, the court cannot conclude that Plaintiff has made the requisite showing under New Jersey Court Rule 4:4-4(b)(3) that service cannot be made by any of the other modes of service provided by Rule 4:4-4, inasmuch as it permits substituted service by mail or personal service in Georgia under that state's rules for service of process. See N.J. Ct. R. 4:4-4(b)(1). Similarly, while Plaintiff alleges in its Complaint that Hall may reside in Florida, Plaintiff's motion contains no information or references to Florida at all. See Am. Compl. ¶ 9, ECF No. 42 ("Upon information and belief, Hall currently resides in one of the following states: Georgia, Ohio, California, or Florida.").

Additionally, given that Plaintiff has indicated that Hall may reside in Ohio or Florida rather than California or Georgia, the court cannot conclude that a one-time publication in a newspaper of general circulation in California and Georgia constitutes notice reasonably calculated to apprise Hall of the pendency of this action if indeed Hall resides in Ohio or Florida. See Mullane, 339 U.S. at 314–15. In attempting service on Hall in these various states, Plaintiff is also permitted to invoke the procedures for service of process provided for by law in the states in which Plaintiff is seeking to serve Hall, namely Georgia and California (as well as Ohio and New Jersey). See Fed. R. Civ. P. 4(e)(1).

Yet, Plaintiff has not provided any information referencing these alternatives, nor any reasons why Plaintiff could not utilize other avenues of service authorized by the laws in the states in which Plaintiff seeks service by publication.

While the court can discern some diligence in Plaintiff's efforts to serve Hall in California and Ohio, as described in counsel's Declaration, Plaintiff's articulation of the overall efforts to locate Hall is insufficient at this time to persuade the court that authorization of service by publication is warranted.  Plaintiff's motion fails to identify the names of any colleagues, individuals or relatives, even on a confidential basis, who know Hall and may have knowledge of his whereabouts to assure the court of the extensive nature of its search.  Id.

These deficiencies are but a sample of the court's concerns with Plaintiff's motion. Plaintiff does not identify the newspapers in which publication will take place, nor is there any indication as to the frequency of publication that Plaintiff intends to undertake in those states (nor Florida nor Ohio), despite the relevant allegations in the Amended Complaint. Cf. Am. Compl. ¶ 9 ("Upon information and belief, Hall currently resides in one of the following states: Georgia, Ohio, California, or Florida.").

### III. Conclusion

There is no doubt that Plaintiff has undertaken some efforts to locate and serve Hall.  And, the court recognizes that Plaintiff need not "exhaust every conceivable avenue" to accomplish service.  Just Vacations Inv. v. Labkovsky, Civ. No. 3:24-1603(RK)(JBD), 2024 WL 3728070 at *3 (D.N.J. Aug. 8, 2024).  Given the circumstances presented, Plaintiff, however, has not demonstrated sufficient diligence to warrant an order at this

Court No. 2:24-cv-07729 Page 10

time authorizing service by publication.  Plaintiff must do more.  It must offer "a more robust and specific showing of efforts to locate and serve defendants by traditional means." Id.  Accordingly, it is hereby

**ORDERED** that Plaintiff's motion to effect service upon Defendant Aaron Hall by publication is denied without prejudice; and it is further

**ORDERED** that Plaintiff may renew its motion within 120 days of the entry of this Memorandum and Order.

/s/ Leo M. Gordon
Leo M. Gordon, Judge
U.S. Court of International Trade
(sitting by designation in the District of New Jersey)

Dated: April 24, 2025
        Newark, New Jersey