**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

LIZA GARDNER,

Plaintiff,

v.

SEAN COMBS, AARON HALL, UMG RECORDINGS, INC., UNIVERSAL MUSIC GROUP, N.V., JOHN DOES 1-10 (names being fictitious and used to connote an unidentified person responsible for this occurrence), JANE DOES 1-10 (names being fictitious and used to connote an unidentified person responsible for this occurrence), ABC CORPORATIONS 1-10 (names being fictitious and used to connote an unidentified person responsible for this occurrence),

Defendants.

Before: Leo M. Gordon, Judge

Court No. 2:24-cv-07729

**MEMORANDUM and ORDER**

Plaintiff is ordered to show cause why: (1) the court should not strike all portions of Plaintiff's Response that refer to or rely on "United States v. Masha, 99 F.3d 1005 (7th Cir. 2021)" as authority, and (2) the court should not issue sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

By way of background, Plaintiff's action was removed from the Superior Court of New Jersey to the U.S. District Court for the District of New Jersey by Defendant UMG Recordings, Inc. ECF No. 1. Soon after Plaintiff filed an Amended Complaint, ECF No. 42, Defendants UMG Recordings, Inc. and Universal Music Group, N.V., and Defendant Combs filed separate motions to dismiss pursuant to Federal Rules of

Civil Procedure 12(b)(2) and 12(b)(6). ECF Nos. 51, 53. Plaintiff then filed a joint opposition to Defendants' motions to dismiss. ECF No. 63. Subsequently, Defendants filed their replies. ECF Nos. 68, 69. The court then held argument on the motions. ECF No. 76 (Nov. 17, 2025).

At oral argument, Defendant Combs' attorney, Erica A. Wolff, argued as to one of Plaintiff's claims that "there is literally no support for that contention." Oral Arg. Tr. 18:20–21.[1] The court asked: "Ms. Wolff, are you suggesting that Plaintiff had no good faith basis in which to assert that claim?," to which Ms. Wolff responded, "I do think there is no good faith basis for this Mann Act claim for a number of reasons." Id. at 18:24–19:3. The court further asked whether Ms. Wolff was "suggesting that it's a potential Rule 11 violation,"[2] to which Ms. Wolff answered, "[w]e haven't filed a Rule 11 motion, Your Honor, but I think it falls close to the category. I do." Id. 19:7–10. In her argument as to why there is "no support", Ms. Wolff noted:

> The other case that is cited in . . . Plaintiff's response to the no retroactivity argument is a case that was titled "United States v. Masha" and captioned

---

[1] The court cites to a preliminary non-public version of the transcript of the oral argument in this matter.

[2] Rule 11(b) of the Federal Rules of Civil Procedure provides obligations to attorneys:

> REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> . . .
> (2) the claims, defenses, and other legal contents are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Fed. R. Civ. P. 11(b)(2).

> 99 F.3d 1005 (7th Cir. 2021). We have been unable to locate such a case. . . . And I believe we did find through some Googling: a case that has that caption, does not have that citation, is not in that reporter, is not in the Seventh Circuit, and has absolutely nothing to do–so there may have been a criminal defendant by the name of Masha involved in the federal lawsuit, but it had nothing to do with the issues here and doesn't come close to matching the citation that appears in the Plaintiff's brief.

Id. at 19:19–20:11.

Following the end of Plaintiff's argument in response, the court inquired of Plaintiff's attorney, Tyrone A. Blackburn, as to the Masha case citation in issue: "Before you go, Mr. Blackburn, Defendant Combs' counsel raised a question about the Masha case." Id. at 57:2–3. Mr. Blackburn responded: "Yeah, see, I don't have all of–I've pulled over 200 cases from my–so I will get that. When I go back to my home, I will provide the court with that." Id. at 57:4–6. The court then went off the record with all counsel to discuss the existence of the cited Masha case. Id. at 57:10; see generally Nov. 20, 2025, Email from Def.'s Attorney Ms. Wolff ("Nov. 20 Email"). During the sidebar, this Court directly asked Mr. Blackburn whether Plaintiff's Response was the product of generative artificial intelligence. Mr. Blackburn represented that, while he used the assistance of generative artificial intelligence for his research, he personally wrote the brief. The court accepted this response and directed Mr. Blackburn to provide a copy of the cited Masha case to the court and opposing counsel, or in the alternative to advise the court and opposing counsel if he could not provide any copy, by close of business Tuesday, November 18, 2025. See Nov. 20 Email. Mr. Blackburn acknowledged and assented to the court's directive, and oral argument continued. See Oral Arg. Tr. at 57:11.

At approximately 4:00 PM on Thursday, November 20, 2025, Ms. Wolff, on behalf of all Defendants, notified the court by email that Plaintiff failed to comply with the court's directive. Nov. 20 Email. In Ms. Wolff's email, she additionally provided that:

> On Wednesday, November 19, 2025 [Defendants] attempted to meet and confer with [Mr. Blackburn] about this by email, asking that he comply with the Court's directive by providing a copy of that case to [Defendants] and the Court, or if he could not locate any such case, then to advise the Court and counsel accordingly. As of this writing, we have not received a response to that email.

Id. Notably, Mr. Blackburn was included on the email to this Court and has not acknowledged receipt or responded. Despite having every opportunity to do so, as of the issuance of this order to show cause, Mr. Blackburn has not complied with the court's directive.[3]

Counsel who appear before this Court are bound by the Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court. D.N.J. Loc. R. 103.1. Rule 1.3 of the New Jersey Rules of Professional Conduct ("N.J. RPC"), titled "Diligence" requires that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." Further, Rule 3.3(a)(1), titled "Candor Toward the Tribunal," provides that "[a] lawyer shall not knowingly: make a false statement of material fact or law to a tribunal."

Similarly, District of New Jersey Local Rule Appendix R "Lawyers' Duties to Other Counsel" provides: "We will in good faith adhere to all express promises and to

---

[3] The court notes that this is especially problematic given Mr. Blackburn's failure to respond to opposing counsel or the court on previous occasions. See e.g., ECF No. 60 (order granting Plaintiff's email request to file an opposition out of time to Defendants' motions to dismiss).

agreements with other counsel, whether oral or in writing, and to all agreements implied by the circumstances or local customs." D.N.J. Loc. R. App. R at R3 ¶ 6. Similarly, "Lawyers' Duties to the Court" provides: "We will not knowingly misrepresent, mis-characterize, misquote, or mis-cite facts or authorities in any oral or written communication to the court." Id. at. R5 ¶ 5.

Given the fundamental errors regarding the Masha case cited throughout Plaintiff's Response, the failure of Mr. Blackburn to follow this Court's directive to provide copies or explanations as to the cited authority by the Tuesday, November 18 deadline, and the repeated lack of communication, it is therefore:

**ORDERED** that on or before Tuesday, December 2, 2025, at 12:00 PM EST, Plaintiff's counsel shall show cause in writing why this Court should not strike all portions of Plaintiff's Response that refer to or rely on the cited Masha case. The written submission shall be no longer than five pages in length, with one-inch margins on all sides, in twelve-point font, and double spacing between all lines of text; it is further

**ORDERED** that should Plaintiff's counsel choose to attach any supplemental material to its written submission, said attachments shall be limited to three in number, with each attachment being not more than seven pages in length; and it is further

**ORDERED** on Wednesday, December 3, 2025, at 10:00 AM EST, Plaintiff shall appear in person before this Court in Newark, New Jersey in a courtroom to be determined to show cause why this Court should not issue sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

/s/ Leo M. Gordon
Leo M. Gordon, Judge
U.S. Court of International Trade
(sitting by designation in the District of New Jersey)

Dated: November 25, 2025
Newark, New Jersey