December 2, 2025

**SENT VIA ECF**

Honorable Leo M. Gordon, USDJ
United States District Judge
United States Court of International Trade
One Federal Plaza
New York, New York 10278

Re:    Gardner v. Combs, et al., Case No. 24-cv-07729

Dear Judge Gordon:

      We write jointly on behalf of all Defendants and in response to the November 30, 2025 letter from Plaintiff's counsel, Tyrone Blackburn, regarding his citation to the fictitious case "*United States v. Masha*, 990 F.3d 1005 (7th Cir. 2021)" (the "Letter").[1] In it, Mr. Blackburn concedes that he used artificial intelligence in generating Plaintiff's Joint Opposition to Defendants' Motion to Dismiss ("Opposition Brief" or "Br."), filed February 11, 2025. As a result, that brief contains citations to a case which does not exist. Mr. Blackburn also acknowledges that another federal judge recently sanctioned him for misusing artificial intelligence, including relying on "hallucinated" citations in connection with briefing submitted in another matter. (Letter at 3-4).

      Here, as the Court is aware, Plaintiff's Opposition Brief cites to "*United States v. Masha*, 990 F.3d 1005 (7th Cir. 2021)" at least six times in connection with Plaintiff's Mann Act claim, presumably to support Plaintiff's arguments that (i) "reckless disregard for foreseeable harm satisfies the knowledge requirement under the Mann Act" (Br. at 41), (ii) that "liability extends to individuals who enable or fail to prevent transportation when they know or should have known that the purpose was sexual exploitation" (Br. at 54), and (iii) "trafficking statutes should be interpreted broadly to serve their remedial purposes." (Br. at 61) (arguing Mr. Combs's position that the Mann Act does not provide a civil remedy "ignore[s] the broad Congressional intent of the Mann Act and TVPRA"). Notably, Defendant's counsel expressly flagged in reply briefing that they were unable to identify any such case (Reply Memorandum of Law in Further Support of Defendant Sean Combs's Motion to Dismiss the First Amended Complaint at 7, n. 6). Nonetheless, despite his knowledge of at least one other case in which the LexisNexis AI software, Protégé, had resulted in a "hallucinated" or fake case citation, Mr. Blackburn made no effort to confirm the accuracy of Plaintiff's citation prior to the Letter.

      Moreover, Mr. Blackburn's assertion that the error is somehow harmless because he has "identified and thoroughly reviewed more than 40 legitimate, controlling federal cases that directly support the legal propositions for which [he] needed authority" is blatantly false. (Letter at 4). In their respective motions to dismiss, Defendants' counsel noted that one of the (many) fundamental problems with Plaintiff's Mann Act claim is that the statute did not provide for a private cause of action at the time of the events alleged in the Complaint, nor did more recent changes to the statute create retroactive causes of action. (*See* UMG Opening Brief at 29; Mr. Combs's Opening Br. at 21-25; Mr. Combs's Reply Brief at 6-7.) There is no contrary authority, and the fact that AI had to

---

[1] Plaintiff emailed the Letter to the Court and defense counsel on December 1, 2025 but did not file it publicly "[i]n the interest of privacy." Pursuant to Court order, the Letter has now been filed under seal pending oral argument from the parties regarding whether the Letter "should continue to be treated as a confidential document under seal." ECF No. 80.

Honorable Leo M. Gordon, USDJ
December 2, 2025
Page 2

"hallucinate" a case in support of Plaintiff's opposition on this point speaks volumes to the meritless nature of the claim.

Indeed, the two new cases identified in the Letter neither address this point, nor correct Plaintiff's other erroneous arguments for liability under the Mann Act. In particular, both *United States v. Shim*, 584 F.3d 394, 394 (2d. Cir. 2009) and *United States v Hattaway*, 740 F.2d 1419, 1427 (7th Cir. 1984) are *criminal* cases. They involve the Mann Act, but they do not support Plaintiff's position on the core issue in dispute (*i.e.*, whether a private right of action exists under the Mann Act that may be retroactively applied) nor can they substitute for the AI-generated citations contained in Plaintiff's Brief. Furthermore, they do not adequately or appropriately address any of the other points Mr. Blackburn now suggests they do, including the "Mann Act knowledge requirements," "Interstate transportation elements," "Third-party liability and enablement," "Corporate responsibility for facilitation violations," or "Private civil remedies under federal law." (Letter at 4).

This latest issue only further underscores Mr. Blackburn's lack of diligence and preparation in the commencement and pursuit of this litigation, all of which has been extraordinarily prejudicial to Defendants. Mr. Blackburn's failure to accurately plead Plaintiff's age at the time of the alleged assault, and his resulting failure to timely assert claims under the New York Child Victim's Act (rather than that state's Adult Survivors' Act), forced Defendant UMG to brief Motions to Dismiss in two separate jurisdictions under the substantive laws of two different states. Moreover, following the removal of this action from New Jersey state court based on diversity jurisdiction, Defendants were forced to engage with Plaintiff's threatened remand motion, a dispute that would have been entirely unnecessary had Mr. Blackburn not claimed, with no apparently factual basis, that a defendant ,Aaron Hall (who has never been served), and prospective defendant, Donald Earl Degrate Jr (who was subsequently added for the sole purpose to defeat diversity jurisdiction but then dismissed), were domiciled in North Carolina, only to later plead otherwise.

Additionally, Mr. Blackburn's attempt to minimize his reliance on hallucinated case law reflects a concerning misunderstanding of his professional responsibility and seriously undermines the reliability of every submission that he has made on Plaintiff's behalf. In his Letter,[2] Mr. Blackburn characterizes the false citation as a simply "poor editing and cross-referencing." (Letter at 2). But the problem is not merely a typographical error. Rather, it is yet another troubling example of Mr. Blackburn's pattern of advancing legal claims that lack any factual or legal basis. Indeed, the "Masha case" is not the only instance in Plaintiff's Opposition in which she misstates the law. For example, Plaintiff asserted—without any authority and *contrary* to D.N.J. and Third Circuit case law—that New Jersey's CSAA Amendment revives expired federal claims. (Mr. Combs's Reply Brief at 8). Even more troubling, in the Letter, Mr. Blackburn continues to claim (erroneously) that other authority exists for the same erroneous propositions for which he cited the "Masha case." Rather than concede this point and apologize, Mr. Blackburn inexplicably doubles down, falsely asserting that there are "dozens" of authorities to support the positions advanced (there are not), and that the error was somehow ministerial rather than a blatant violation of his duty of candor to the Court.

Defendants agree with the Court that Rule 11 sanctions are now appropriate and note that courts regularly impose sanctions for such conduct as engaged in the instant case by Mr. Blackburn. *See generally OTG New York,*

---

[2] Mr. Blackburn contends the Court "did not set any timeline or deadline" for him to advise the Court as to the circumstances of his flawed citation. (Letter at 1). That is also untrue: at oral argument, Mr. Blackburn was directed to provide counsel and the Court with a copy of *United States v. Masha* and an explanation for the erroneous citation by close of business on November 18, 2025. And when he failed to do so, this Court brought on an order to show cause why he should not be sanctioned.

**McDermott Will & Schulte**

Honorable Leo M. Gordon, USDJ
December 2, 2025
Page 3

*Inc. v. OTTOGI America, Inc.*, Civil Action No. 24-cv-07209 (BRM) (JRA), 2025 WL 2671460 (D.N.J. Sept. 18, 2025) (striking a reply brief which contained AI-hallucinated cases, sanctioning an attorney $3,000 under Rule 11(c), and requiring counsel to self-report the order to the relevant state bar disciplinary authorities); *Mattox v. Product Innovations Research, LLC et al.*, No. 24-cv-0235, 2025 WL 3012828 (E.D. Ok. Oct. 22, 2025) (sanctioning attorneys in amounts ranging from $1,000 to $3,000 and striking all pleadings containing fabricated citations); *Byoplanet International, LLC v. Johansson and Gilstrap*, No. 24-cv-60630, 2025 WL 3091094 (S.D. Fla. Aug. 1, 2025) (ordering counsel to pay over $80,000 in attorneys' fees and costs to two sets of defendants resulting from misuse of AI). Sanctions may include "an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). They may also include "nonmonetary directives." *Id.*

Notably Mr. Blackburn has already been sanctioned for this issue (Letter at 3-4) and has also previously been admonished by several courts for his lack of diligence and misstatements of law in asserting claims. *See Zunzurovski v. Fisher, et al.*, 23-cv-10881 (DLC), 2024 WL 1434076 (S.D.N.Y. Apr. 3, 2024) (admonishing Mr. Blackburn for failing to conduct a reasonable inquiry to support his jurisdiction assertion and referring him to the Southern District Grievance Committee); *Jones v. Combs*, No. 24-CV-1457 (JPO), 2025 WL 896829, at *4 (S.D.N.Y. Mar. 24, 2025) ("[T]he Court finds much of Blackburn's conduct regarding Defendants' motion to dismiss to be unsettling. Blackburn's filings are replete with inaccurate statements of law, conclusory accusations, and inappropriate ad hominem attacks on opposing counsel."). This Court should send a clear message that Mr. Blackburn's continuing dereliction of his professional responsibilities will not be tolerated and impose appropriate sanctions to deter such future misconduct.

Moreover, the issues giving rise to the Letter only further underscore why dismissal of the instant case in its entirety with prejudice is appropriate. Not only is such an outcome completely warranted for the reasons set forth in the Defendants' respective motions to dismiss, but as this latest issue makes clear, Plaintiff's already threadbare and evolving factual allegations and legal theories do not withstand scrutiny. Indeed, Defendants have had to litigate motions to dismiss claims that are plainly meritless, and which have now been revealed to be propped up in part by AI generated "case law." As Defendants demonstrated in their respective motions to dismiss, Plaintiff has not asserted plausible claims to relief, and Mr. Blackburn should not be permitted to further tax the time and resources of the Court or of Defendants.

Sincerely,

  */s/ Jessica Greer Griffith*              */s/ Yonatan Y. Jacobs*
Jessica Greer Griffith                      Yonatan Y. Jacobs
New Jersey Bar No. 126432014                New Jersey Bar No. 022512010
                                            Erica A. Wolff
*Counsel for Defendants UMG Recordings,*    Admitted *Pro Hac Vice*
*Inc., and Universal Music Group, N.V.*
                                            *Counsel for Defendant Sean Combs*

**McDermott Will & Schulte**