# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIZA GARDNER,<br><br>       Plaintiff,<br><br>   v.<br><br>SEAN COMBS, AARON HALL, UPTOWN RECORDS, MCA INC., UNIVERSAL MUSIC GROUP, N.V.,<br><br>       Defendants. | Before: Leo M. Gordon, Judge<br><br>Court No. 2:24-cv-07729 |

## OPINION and ORDER

  Gordon, Judge: Pending is an Order to Show Cause ("OSC") as to why this Court should not impose sanctions upon Tyrone A. Blackburn, Esq., of T. A. Blackburn Law, PLLC, counsel for Plaintiff Liza Gardner ("Plaintiff"), pursuant to Rule 11(c) of the Federal Rules of Civil Procedure. See OSC, ECF No. 77. The OSC stems from the court's inquiry—and later confirmation—that Mr. Blackburn cited to a non-existent case ("United States v. Masha, 990 F.3d 1005, 1014 (7th Cir. 2021)") (the "Masha cite" or "Masha citation") and fabricated legal propositions derived from generative artificial intelligence ("AI") in support of Plaintiff's opposition to Defendants' motions to dismiss. See Oral Arg. on Motions to Dismiss, ECF No. 78 (Nov. 17, 2025); see also Pl.'s Resp. to Mots. at 41, 42, 53, 54, 61 & 67, ECF No. 63 (relying on Masha cite for various arguments relating to Mann Act claims). The court provided an opportunity for all counsel to respond to the OSC, and then held oral argument on the OSC on

December 3, 2025. See Pl.'s Redacted Letter Resp., ECF No. 85[1]; Defs.' Joint Letter Resp., ECF No. 83; Oral Arg. on OSC, ECF No. 84; see also Defs.' Supp. Exs., ECF No. 90 (letters in another matter involving alleged improper reliance on AI research by Mr. Blackburn). In his response and at oral argument, Mr. Blackburn confirmed that he indeed used AI that provided him with hallucinated case law and propositions that he then incorporated into his response brief and that he failed to verify on subsequent review. See Pl.'s Redacted Letter Resp. at Sections I & II (explaining origin of Masha citation issue and stating that he took "full responsibility for this error. It was a failure of citation verification protocols not a legitimate mistake of law, and certainly not intentional fraud."). For the reasons set forth below, the court will impose both monetary and non-monetary sanctions on Mr. Blackburn.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide, in part, that an attorney presenting a written motion to a court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2); see Napier v. Thirty or More Unidentified Fed. Agents, Emps. or Officers, 855 F.2d 1080, 1091 (3d Cir. 1988) ("To satisfy the

---

[1] The parties agreed that portions of Plaintiff's response to the OSC were appropriate for redaction because they contained certain personal information, and so the court accepted a redacted version of Plaintiff's response. See ECF No. 85.

Court No. 2:24-cv-07729                                                                                          Page 3

affirmative duty imposed by Rule 11, an attorney must inquire into both the facts and the law before filing papers with the court."). Central to Rule 11 is the expectation that attorneys litigating in federal court will promote the fair administration of justice by grounding their arguments in binding, persuasive, or otherwise instructive authority. As the U.S. Court of Appeals for the Third Circuit ("Third Circuit") highlighted, that "means steering clear of 'half-truths, inconsistencies, mischaracterizations, exaggerations, omissions, evasions, and failures to correct known misimpressions created by [the lawyers'] own conduct.'" Wharton v. Superintendent Graterford SCI, 95 F.4th 140, 148 (3d Cir. 2024) (alteration in original) (quoting Six v. Generations Fed. Credit Union, 891 F.3d 508, 511 (4th Cir. 2018)). Accordingly, attorneys have an obligation to present the court with a forthright and accurate account of the facts and law.

The court uses a "reasonableness under the circumstances" standard to determine whether a violation of Rule 11 has occurred. Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 289 (3d Cir. 1991) (citing Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 551, (1991)). The Third Circuit has explained that finding cause for sanctions under Rule 11 "requires only negligence, not bad faith," and emphasized that this is "an important tool to deter litigation misconduct." Wharton, 95 F.4th at 147 (citation omitted). Under this standard, "courts can sanction lawyers for what they should have known, not just what they knew." Id. at 148. "Lawyers cannot avoid sanctions by unreasonably failing to investigate whether their factual [or legal] contentions have support." Id. (citation omitted). While intent is not a requirement, it is still relevant in determining the form and severity of sanctions. Id. A court may sua sponte order an

attorney to "show cause why conduct specifically described in the order has not violated Rule 11(b)," and, in fact, must issue such order before imposing monetary sanctions if a violation of the Rule is found. Fed. R. Civ. P. 11(c)(3), (5)(B). Critically, the purpose of a Rule 11 sanction is to deter repetitive conduct by an alleged violator or similar conduct by others, rather than penalize. Id. at (c)(4).

Unfortunately, the use of AI without proper oversight has become a prevalent issue for courts across the country. Numerous examples exist where district courts have found legal briefs containing AI hallucinated case law masked as actual legal authority. These examples highlight that AI can generate a legal proposition that appears to come from a judicial opinion and is even properly cited under The Bluebook Uniform System of Citation; but there is just one problem—it is not real. AI made it up. When this occurs, courts have found it appropriate to impose monetary fines ranging from $1,000 to $6,000, among other sanctions, on attorneys who violated Rule 11. See, e.g., OTG New York, Inc. v. Ottogi Am., Inc., No. 24-cv-07209, 2025 WL 2671460 (D.N.J. Sept. 18, 2025) (concluding that fine of $3,000 was appropriate monetary sanction that accounted for attorney's "prompt admission and honest disclosure, apologies to the Court, and assertion that he will immediately implement safeguards against future AI misuse"); Mid Cent. Operating Eng'rs Health & Welfare Fund v. HoosierVac LLC, No. 2:24-cv-00326, 2025 WL 1511211, at *1–2 (S.D. Ind. May 28, 2025) (adopting in part Magistrate Judge's report and recommendation by reducing initial monetary sanction of $15,000 to $6,000 due to counsel's subsequent efforts to educate himself and adhere to standards of professional conduct moving forward); Ramirez v. Humala, No. 24-cv-242, 2025 WL 1384161, at *3

(E.D.N.Y. May 13, 2025) (imposing $1,000 monetary sanction); Dehghani v. Castro, 782 F. Supp. 3d 1051, 1055, 1062 (D.N.M. 2025) (affirming imposition of Rule 11 sanctions that included $1,500 monetary sanction, mandatory Continuing Legal Education ("CLE") training, and order that attorney must report the imposition of sanctions to bar disciplinary board of three states); Benjamin v. Costco Wholesale Corp., 779 F. Supp. 3d 341, 351 (E.D.N.Y. 2025) (imposing $1,000 monetary sanction); Bunce v. Visual Tech. Innovations, Inc., No. 23-cv-1740, 2025 WL 662398, at *4 (E.D. Pa. Feb. 27, 2025) (imposing $2,500 monetary sanction and ordering offending attorney to complete one-hour CLE program related to AI and legal ethics).

### III. DISCUSSION

Turning to the instant case, the court finds Mr. Blackburn's conduct plainly violated Rule 11. Mr. Blackburn—admittedly—failed to make a diligent inquiry into the veracity of the Masha citation, even after defense counsel specifically highlighted the questionable nature of that citation in its reply brief. See Combs' Reply in Supp. of Mot. to Dismiss at 6-7 n.6, ECF No. 69 ("Plaintiff also repeatedly cites 'United States v. Masha, 990 F.3d 1005, 1014 (7th Cir. 2021)' (Opp. at 61); however, undersigned counsel has been unable to locate a case with this citation"). When that issue was directly raised at oral argument, the court held an off-the-record sidebar with all counsel in an attempt to quickly identify what problems may exist with the citation and hopefully either resolve those problems or identify that particular citation as an unreliable hallucination. See Tr. of Oral Arg. on Mots. to Dismiss at 19:19–20:12, 57:2–11; see also Pl.'s Redacted Letter Resp. at 1 (disputing that court "set any timeline or deadline for [investigation into Masha cite]"); Defs.' Joint

Letter Resp. at 2 n.2 ("Mr. Blackburn contends the Court 'did not set any timeline or deadline' for him to advise the Court as to the circumstances of his flawed citation. (Letter at 1). That is also untrue: at oral argument, Mr. Blackburn was directed to provide counsel and the Court with a copy of United States v. Masha and an explanation for the erroneous citation by close of business on November 18, 2025. And when he failed to do so, this Court brought on an order to show cause why he should not be sanctioned."). The parties dispute what deadline the court may have set for Mr. Blackburn to report back to the court and defense counsel his findings with respect to his investigation of the Masha citation. See Tr. of Oral Arg. on OSC at 5:24–6:13 ("You say the Court's recitation is accurate but for the issue of the deadline on which you were supposed to respond as a result of the sidebar. MR. BLACKBURN: Yes."); id. at 6:14–7:14 (respective counsel for both Defendant Combs and Defendant music companies confirming their agreement with court's recitation of events, including setting of deadline at sidebar).

Ultimately, any deadline is irrelevant, as it is undisputed that Plaintiff not only failed to provide information about the Masha citation to the court or Defendants' counsel by November 18, 2025, but also failed to respond at all to inquiries by counsel for Defendants asking for further clarification, including communications with the court on which Mr. Blackburn was copied. See, e.g., E-mail from Erica Wolff, Counsel for Defendant Combs, on behalf of all Defendants, to this Court (Nov. 20, 2025, 03:39 PM EST) (advising court of Mr. Blackburn's failure to respond regarding Masha cite follow-up, and notably copying Mr. Blackburn). Given that Mr. Blackburn's only response was silence, the court issued the OSC. Only after receiving this OSC did Mr. Blackburn file a letter, dated November

Court No. 2:24-cv-07729                                                                 Page 7

30 and submitted to the court early on the morning of December 1, providing any explanation on the issue of the <u>Masha</u> citation. <u>See</u> Pl.'s Redacted Letter Resp. In responding, Mr. Blackburn provided some general details about recent personal hardships and requested relief from the OSC hearing scheduled for December 3, 2025. <u>Id.</u> Defendants were given the opportunity to respond and provided a short letter brief encouraging the court to issue sanctions. <u>See</u> Defs.' Joint Letter Resp. The court then denied Plaintiff's request for an extension and held oral argument on the OSC as scheduled. <u>See</u> Oral Arg. on OSC.

It is axiomatic that an attorney's certification reflects that any cited authorities are correct and verified to the best of that attorney's ability. Indeed, to certify a submission without conducting an adequate citation check is the negligent conduct that Rule 11 was intended to prevent. Fed. R. Civ. P. 11(b)(2); <u>see</u> <u>Napier</u>, 855 F.2d at 1091. Despite multiple forms of notice and warning, proper verification did not occur here. Mr. Blackburn affirms that he re-reviewed his brief in preparation for oral argument on the motions to dismiss in light of the admonitions from the Western District of Pennsylvania.[2] <u>See</u> Tr. of Oral Arg. on OSC at 10:12–12:19. Nevertheless, for whatever reason, Mr. Blackburn failed to identify or correct the hallucinated <u>Masha</u> cite relied upon in his briefing, even after that cite was specifically called into question by counsel for Defendant Combs. <u>See</u>

---

[2] In Mr. Blackburn's letter response to the OSC, Mr. Blackburn acknowledged and informed the court that he has previously been sanctioned in another jurisdiction for inappropriate reliance on AI generated case law. <u>See</u> Pl.'s Redacted Letter Resp. at Section III (disclosing that "on October 6, 2025, [Mr. Blackburn] received a Rule 11 sanctions order in a related matter—<u>Jakes v. Youngblood</u>, Case No. 2:24-cv-01608-WSS (Western District of Pennsylvania)—for similar AI-related citation and quotation errors.").

Court No. 2:24-cv-07729                                                                                    Page 8

Combs' Reply in Supp. of Mot. to Dismiss at 6–7 n.6; Tr. of Oral Arg. on Mots. to Dismiss at 19:19–20:12, 57:2–11.  Thus, the court is satisfied that Mr. Blackburn violated Rule 11 due to his negligent reliance on unverified (AI-hallucinated) case law and subsequent failure to communicate with respect to the court's follow-up inquiry.

In finding that Mr. Blackburn violated Rule 11, the court will impose a monetary sanction. Fed. R. Civ. P. 11(c)(1).  Accordingly, a sanction on the higher end of the range is warranted here in light of the existence of pattern behavior on the part of Mr. Blackburn and his failure to provide any response to defense counsel or the court when this issue was specifically brought to his attention. Id. at (c)(4) ("A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."); see also Tr. of Oral Arg. on OSC at 17:17–19:24 (court discussion with Plaintiff's counsel as to appropriate remedy), 28:21–32:14 (court discussion with counsel for Defendants as to remedy).  Sadly, this pattern conduct does not appear to be limited to Mr. Blackburn's failure to respond in a timely manner to inquiries in the course of this litigation, but also runs to a pattern of improper litigation conduct beyond reliance on AI research.[3]  See, e.g., Pl.'s Redacted Letter Resp. at Section III (entitled "PRIOR SIMILAR ERRORS AND RULE 11 SANCTIONS"); Defs.' Joint

---

[3] The court notes that after being sanctioned in the Western District of Pennsylvania but prior to arguing the motions to dismiss in this matter, Mr. Blackburn identified and independently undertook "corrective actions," i.e., CLE courses "focused on artificial intelligence ethics, legal research accuracy, and professional responsibility" as well as a "fundamenta[l] re-engineer[ing]" of his practice with strict verification protocols.  See Pl.'s Redacted Letter Resp. at Section VI.  Despite these preventative "corrective actions," Mr. Blackburn nevertheless again failed to act with diligence and address issues arising from his reliance on AI research.

Letter Resp. at 3 (highlighting that Mr. Blackburn "has also previously been admonished by several courts for his lack of diligence and misstatements of law in asserting claims." (citing Zunzurovski v. Fisher, 23-cv-10881 (DLC), 2024 WL 1434076 (S.D.N.Y. Apr. 3, 2024), and Jones v. Combs, No. 24-cv-1457 (JPO), 2025 WL 896829, at *4 (S.D.N.Y. Mar. 24, 2025))); see also E-mail from Erica Wolff to this Court (Feb. 6, 2025, 05:53 PM EST) (notifying court of Mr. Blackburn's "failure to comply with governing rules and practice norms" after failing to meet established deadlines in responding to motions to dismiss).

Given this pattern conduct across multiple jurisdictions, the court concludes it is appropriate also to impose non-monetary sanctions. Specifically, the court will require Mr. Blackburn to self-report this Opinion and Order and underlying OSC to the appropriate attorney licensing entities in the States of New Jersey and New York. Additionally, Mr. Blackburn will be required to serve copies of this Opinion and Order, the OSC, and other relevant underlying documents on his client and discuss their implications with her.

## IV. CONCLUSION

Mr. Blackburn's admission of responsibility and remorse expressed at the Order to Show Cause hearing do not completely excuse his lack of diligence, especially in light of the pattern behavior identified. Though mitigating factors may exist,[4] the court finds that they are not sufficient to avoid the imposition of Rule 11 sanctions. Therefore, the court concludes that a combination of monetary and non-monetary sanctions are appropriate

---

[4] The potentially applicable mitigating circumstances are detailed in Mr. Blackburn's response. See Pl.'s Letter Resp. at Section V, ECF No. 82.

Court No. 2:24-cv-07729                                                                                                 Page 10

and should be sufficient to deter a repeat of Mr. Blackburn's conduct. All payments shall be made to the Clerk of Court under terms as specified below.

Accordingly, it is hereby:

**ORDERED** that Plaintiff's counsel, Mr. Blackburn, is sanctioned with a fine of $6,000.00 under Rule 11(c), to be made payable to the registry of this Court at a rate of $500/month, payable no later than the 10th of each month, with the first payment due on or before March 10, 2026, and the final payment due on or before February 10, 2027; it is further

**ORDERED** that, on or before January 26, 2026, Mr. Blackburn shall seek assistance from the appropriate attorney licensing entities in the States of New Jersey and New York to address the underlying issues that led to the sanctionable conduct in this action; it is further

**ORDERED** that, on or before January 26, 2026, Mr. Blackburn shall self-report the OSC and this Opinion and Order to the appropriate attorney licensing entities of the States of New Jersey and New York for those entities to take whatever action they deem appropriate; it is further

**ORDERED** that, on or before February 17, 2026, Mr. Blackburn shall provide a written report to the court regarding his compliance with the above-ordered self-reporting and requests for assistance from the attorney licensing entities in the States of New Jersey and New York, including an acknowledgment by those entities; and it is further

**ORDERED** that, on or before December 31, 2025, Mr. Blackburn shall serve and discuss with his client, Plaintiff Liza Gardner, a copy of: (i) this Opinion and Order, (ii) Plaintiff's combined response brief to the motions to dismiss, (iii) the OSC underlying this Opinion and Order, (iv) Plaintiff's letter memorandum responding to that OSC, (v) the sanctions opinion directed at Mr. Blackburn from the Western District of Pennsylvania referenced in that response (Jakes v. Youngblood, Case No. 2:24-cv-01608-WSS), (vi) Defendants' combined letter response, and (vii) a transcript of the Order to Show Cause hearing, as well as file proof of service on the docket.[5]

/s/ Leo M. Gordon
Leo M. Gordon, Judge
U.S. Court of International Trade
(sitting by designation in the District of New Jersey)

Dated: December 15, 2025
       Newark, New Jersey

---

[5] See Ramirez, No. 24-cv-242, 2025 WL 1384161, at *2–3 (citing Park v. Kim, 91 F.4th 610, 616 (2d Cir. 2024)) (ordering offending attorney to serve a copy of the order imposing Rule 11 sanctions on her client)); see also Benjamin, 779 F. Supp. 3d at 351 (same); OTG New York, Inc., No. 24-cv-07209, 2025 WL 2671460 (same).