**T. A. BLACKBURN LAW, PLLC**
Tyrone A. Blackburn, Esq.
NJBARID#232602020
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
P: 347-342-7432
Attorneys for Plaintiff Liza Gardner

| | |
|---|---|
| LIZA GARDNER,<br>          Plaintiff,<br>-against-<br>SEAN COMBS,<br>AARON HALL,<br>UMG RECORDINGS, INC., UNIVERSAL MUSIC GROUP, N.V.<br>JOHN DOES 1-10 (names being fictitious and used to connote an unidentified person responsible for this occurrence), JANE DOES 1-10 (names being fictitious and used to connote an unidentified person responsible for this occurrence), ABC CORPORATIONS 1-10 (names being fictitious and used to connote unidentified entities responsible for this occurrence),<br>          Defendants. | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY**<br><br>DOCKET NO.: 2:24-cv-07729-LMG-JRA<br><br>DECLARATION OF<br>TYRONE A. BLACKBURN, ESQ.<br>IN SUPPORT OF MOTION |

I, Tyrone A. Blackburn, Esq., declare under penalty of perjury as follows:

1. I am an attorney duly admitted to practice before this Court and principal of T.A. Blackburn Law, PLLC, counsel for Plaintiff Liza Gardner in this action. I submit this Declaration in support of Plaintiff's Second Motion for Service by Publication as to Defendant Aaron Hall.
2. I have personal knowledge of the facts set forth herein based upon my own actions, communications with process servers and investigators, and my review of records maintained in my office. If called as a witness, I could and would testify competently to the facts stated herein.
3. Since the commencement of this action, Plaintiff has made extensive, diligent, and good-faith efforts to locate and personally serve Defendant Aaron Hall for over a year, all of which have been unsuccessful.

**California Service Attempts**

4. Shortly after this action was initiated, Plaintiff attempted to serve Defendant Aaron Hall at an address in Los Angeles County, California, believed to be his residence: 3649 Mount Vernon Dr., View Park, CA.

5. On June 12, 2024, a process server went to that address and spoke with the current resident, who confirmed that Mr. Hall had moved and no longer resided there. A neighbor likewise confirmed that Mr. Hall was not a resident at that location.
6. Plaintiff then identified a second California address associated with Mr. Hall: 18818 Erwin St., Tarzana, CA.
7. On June 20, 2024, a process server attempted service at that address. The current occupant, who was the property owner, stated that Mr. Hall had lived there approximately two years earlier but had since moved.

**Ohio Service Attempts**

8. After failing to locate Mr. Hall in California, Plaintiff obtained an address for him in Ohio: 7908 Halle Ave., Cleveland, OH.
9. On September 5, 2024, a process server attempted service at that address, but no one answered the door.
10. On September 6, 2024, a second attempt was made at the same address. The occupant who answered stated that they did not know anyone named Aaron Hall and that Mr. Hall did not live at that address.

**Skip-Trace and Investigative Searches (2024)**

11. After these direct service attempts failed, Plaintiff engaged professional skip-tracing and investigative services to locate Mr. Hall's current address.
12. On or about November 6, 2024, a "24 Hour Locate" skip-trace search was conducted for Aaron Hall, but it yielded no new addresses or any current residence information.
13. Later in November 2024, my office commissioned a comprehensive investigation into Mr. Hall's whereabouts, which identified one potential last-known address at 22246 Victory Blvd., Apt. F208, Woodland Hills, California.
14. A rush service attempt was made at that address on November 6, 2024, but Mr. Hall was not found or served there.

**Post-Amended Complaint Attempts**

15. Following the filing of the Amended Complaint, additional service attempts were undertaken at the Woodland Hills, California, address in January 2025, but all were unsuccessful.

**Additional Investigation – May 2025**

16. On May 17, 2025, Plaintiff's counsel commissioned another comprehensive investigative search for Mr. Hall's whereabouts, which again identified the Woodland Hills address as a potential last-known address.

**Continued Investigation (September 2025 – January 2026)**

17. Between September 2025 and January 2026, Plaintiff retained the services of a private investigator based in Los Angeles County, California, Carlos Jackson, to conduct further efforts to locate and serve Defendant Hall.
18. From December 2025 through the date of this filing, Mr. Jackson conducted database research, staked out locations where Mr. Hall was known to frequent and walk his dogs, and traveled to

2

   Fulton County, Georgia, to pursue leads suggesting Mr. Hall may have ties to the Atlanta metropolitan area.
19. Despite these efforts, Mr. Hall was not located or served in either California or Georgia.
20. A true and correct copy of proof of payment for the Georgia investigative services is annexed as Exhibit A.

**Impossibility of Personal or Mail Service**

21. Every identified address for Mr. Hall has been confirmed as outdated or not connected to him.
22. Because no current address can be identified despite exhaustive investigation, service by mail would be futile and not reasonably calculated to reach him.
23. To date, Defendant Aaron Hall has not been successfully served despite at least ten (10) separate service attempts across three (3) states, the engagement of professional process servers, two skip-trace investigations, multiple comprehensive database searches, a private investigator, and inquiries of residents and neighbors at multiple addresses.

**Need for Service by Publication**

24. Mr. Hall's current permanent whereabouts are unknown.
25. Based on the investigation, Mr. Hall has demonstrable ties to Los Angeles County, California, and Fulton County, Georgia.
26. Plaintiff has no remaining practical means of effecting service on Mr. Hall except by service by publication.
27. If authorized by the Court, Plaintiff will publish notice in:
    1. The Los Angeles Times; and
    2. The South Fulton Neighbor.
28. Plaintiff will also mail copies of the Summons, Amended Complaint, and the Court's Order to all last-known addresses in accordance with N.J. Ct. R. 4:4-5(a)(3).
29. This Declaration is submitted to demonstrate Plaintiff's diligent inquiry and good-faith efforts.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: January 9, 2026

Respectfully submitted,

/s/*Tyrone a. Blackburn, esq.*
TYRONE A. BLACKBURN, ESQ.

3