**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

LIZA GARDNER,

      Plaintiff,

      v.

SEAN COMBS, AARON HALL, UMG RECORDINGS, INC., UNIVERSAL MUSIC GROUP, N.V., JOHN DOES 1-10 (names being fictitious and used to connote an unidentified person responsible for this occurrence), JANE DOES 1-10 (names being fictitious and used to connote an unidentified person responsible for this occurrence), ABC CORPORATIONS 1-10 (names being fictitious and used to connote an unidentified person responsible for this occurrence),

      Defendants.

Before: Leo M. Gordon, Judge

Court No. 2:24-cv-07729

**MEMORANDUM and ORDER**

Plaintiff's counsel is ordered to show cause why the court should not hold counsel in contempt for the repeated failure to meet deadlines and comply with this Court's directions.

On November 25, 2025, this Court issued an order to show cause ("First OSC") requiring Tyrone A. Blackburn ("Mr. Blackburn" or "Plaintiff's Counsel") to explain why sanctions should not be issued due to his reliance on AI-generated case law and his failure to communicate in response to inquiries about the reliance on "hallucinated" case law. First OSC, ECF No. 77. After a hearing on December 3, 2025, the court concluded that Mr. Blackburn's submission and oral explanation failed to justify his conduct, and

Court No. 2:24-cv-07729                                                    Page 2

issued an order for sanctions pursuant to Federal Rule of Civil Procedure 11.  See Tr. of First OSC Oral Arg., ECF No. 91; Opinion and Order, ECF No. 92 (Dec. 15, 2025) ("Sanctions Order").  As part of those sanctions, Mr. Blackburn was "sanctioned with a fine of $6,000.00 under Rule 11(c), to be made payable to the registry of this Court at a rate of $500/month, payable no later than the 10th of each month, with the first payment due on or before March 10, 2026, and the final payment due on or before February 10, 2027."  Sanctions Order at *10.  However, Mr. Blackburn failed to timely deposit the required first payment by March 10, 2026, as well as the required second deposit due by April 10, 2026, nor did Mr. Blackburn notify the court of his inability to meet the deadline to pay.  Instead, at a status conference held on April 13, 2026, the court, through its own inquiry, discovered that Mr. Blackburn had failed to comply with the sanctions payment deadlines.

Subsequently on May 4, 2026, after the court noted its displeasure at the April 13th conference as to Mr. Blackburn's failure to communicate regarding his inability to meet the applicable deadlines, Mr. Blackburn emailed the court, explaining that he "called and attempted to make my first payment over the phone or online but [] was informed that the online payment system is only set up for criminal matters. So, [he] wrote them a check for $500.00 and mailed it to the Clerks office as they instructed."  Email from Tyrone A. Blackburn to Ct., "Re: Gardner v. Combs: Disclosure Compliance" (May 4, 2026, 12:51 PM EST).  Mr. Blackburn further elaborated that he had "explained to Judge Gordon during our last call, [that he] cannot afford to pay the full $6000.00, and [he] did not have the money to pay the $500.00 per month beginning in March."  Id.  Mr. Blackburn also

noted that, if he was able to recover additional contingency fees in the near future, he "will be able to pay the months of March, April, and June." Id.

As the court explained in its prior OSC, counsel who appear before this Court are bound by the Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court.  D.N.J. Loc. R. 103.1.  Rule 1.3 of the New Jersey Rules of Professional Conduct ("N.J. RPC"), titled "Diligence" requires that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." Further, Rule 3.3(a)(1), titled "Candor Toward the Tribunal," provides that "[a] lawyer shall not knowingly: make a false statement of material fact or law to a tribunal."

Similarly, District of New Jersey Local Rule Appendix R "Lawyers' Duties to Other Counsel" provides: "We will in good faith adhere to all express promises and to agreements with other counsel, whether oral or in writing, and to all agreements implied by the circumstances or local customs."  D.N.J. Loc. R. App. R at R3 ¶ 6.  "Lawyers' Duties to the Court" also states: "We will not knowingly misrepresent, mis-characterize, misquote, or mis-cite facts or authorities in any oral or written communication to the court." Id. at R5 ¶ 5.

After repeated conference calls and discussions with Plaintiff's counsel, including adjudication of a prior OSC, the court remains concerned about Mr. Blackburn's inability to comply with court directives, meet deadlines, and communicate effectively in circumstances where compliance may not be possible. Given the failure of Mr. Blackburn to follow this Court's directives in its existing sanctions order, as well as Mr. Blackburn's continued failure to engage in reasonable communication with the court and opposing counsel, it is therefore:

Court No. 2:24-cv-07729                                                    Page 4

**ORDERED** that on Monday, May 11, 2026, at 10:15 AM EST, Plaintiff's counsel shall appear in person before this Court in Newark, New Jersey in Courtroom 9 to show cause why this Court should not hold him in contempt for violation of the Sanctions Order; and it is further

**ORDERED** that Mr. Blackburn shall produce his financial records, including copies of banking documentation for his professional accounts, to demonstrate his ability (or lack thereof) to pay the monetary sanction in accordance with the terms and conditions set forth in the Sanctions Order.

/s/ Leo M. Gordon
Leo M. Gordon, Judge
U.S. Court of International Trade
(sitting by designation in the District of New Jersey)

Dated: May 7, 2026
        Newark, New Jersey